■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HUBERT JACKSON, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered March 23, 1962 after a jury trial, convicting him of selling and possession of narcotic drugs (Penal Law, § 1751, subd. 1; § 1751-a, subd. 1), and imposing sentence. Judgment affirmed. Although it was improper for the detective on cross-examination to testify that he recognized as defendant's trade-mark the tinfoil covering of the packages which defendant had handed to another witness (because from such testimony it could have been inferred that defendant had been guilty of other similar crimes), we are of the opinion that the error should be disregarded for the following reasons: (1) the error was not that of the District Attorney; (2) the Trial Judge gave prompt, clear and adequate instruction to the jury to disregard the detective's remark and directed the witness not to volunteer testimony; (3) the error was confined to this single, isolated instance; and (4) the error could not have prejudiced the jury in light of the overwhelming evidence of defendant's guilt (Code Crim. Pro., § 542; *People* v. *Broady,* 5 N Y 2d 500; *People* v. *Marks,* 6 N Y 2d 67). The other errors claimed are without merit. Beldock, P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEROY J. MACKIE, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated October 18, 1963, which denied without a hearing his application to vacate a judgment of the former County Court, Kings County, rendered December 19, 1951 on his plea of guilty, convicting him of attempted grand larceny in the second degree, and imposing sentence. Order reversed on the law and the facts, and proceeding remitted to the Criminal Term, Supreme Court, Kings County, for the purpose of: (a) holding a hearing and taking proof on the issue of defendant's sanity at the time of his plea and sentence; and (b) making a determination on the basis of all the proof adduced. We are of the opinion that defendant's claim of insanity at the time he pleaded guilty and at the time of sentence presented issues which required a hearing (*People* v. *Boundy,* 10 N Y 2d 518; *People* v. *Sprague,* 11 N Y 2d 951; *People* v. *Jones,* 17 A D 2d 970; *People* v. *Hines,* 18 A D 2d 1016). Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BRIAN MARSH and SHIRLEY BOND, Appellants.— Appeal by defendants from a judgment of the Supreme Court, Kings County, rendered February 8, 1963 on their pleas of guilty, convicting each of them of the possession of policy slips (Penal Law, § 975), and: (a) sentencing defendant Marsh to serve a term of six months in the New York City Penitentiary and to pay a fine of $250; and (b) sentencing defendant Bond to serve a term of three months in the City Prison and to pay a fine of $250. The only issue raised is that the sentences imposed were excessive. As to the defendant Marsh: Judgment affirmed. No opinion. As to the defendant Bond: Judgment modified on the law and on the facts to the extent of: (a) striking out the provision imposing the term of three months' imprisonment; and (b) substituting therefor a provision placing her on probation for a period of three months. As so modified, judgment affirmed as to defendant Bond. In our opinion, under all the circumstances, the imposition of a prison term upon the said defendant Bond was unduly severe. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hopkins, JJ., concur.