### (March 20, 1972)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARLTON KELLY, Appellant.— Appeal from a judgment of the County Court, Broome County, rendered upon a verdict convicting appellant of the crimes of robbery in the second degree and grand larceny in the third degree (Penal Law, § 160.10, subd. 1; § 155.30, subd. 4). The crimes for which appellant stands convicted stem from the assault and robbery of a cab driver on the night of November 24, 1969. Appellant first asserts as ground for reversal of his conviction that

it was prejudicial error when Harry Swan, appellant's alleged accomplice and a prosecution witness, testified on cross-examination when asked how long he had known appellant, "I knew him once before *in jail*" (italics added). Appellant's attorney immediately moved for a mistrial. The Trial Judge, however, denied the motion but instructed the jury to disregard the statement of the witness. Of course, evidence of other crimes committed by a defendant is generally inadmissible and where so admitted usually constitutes prejudicial and thus reversible error (e.g., *People* v. *Condon,* 26 N Y 2d 139, 143; *People* v. *McKinney,* 24 N Y 2d 180, 184–186). However, whereas here "the error was not that of the District Attorney", "prompt clear and adequate instruction[s]" were given by the Trial Judge to disregard the statement, "the error was confined to this single isolated instance", and the jury could not have been said to have been prejudiced by the error "in light of overwhelming evidence of defendant's guilt" reversal and a new trial is not mandated (*People* v. *Jackson,* 20 A D 2d 918). Appellant also urges that the admission into evidence of a prior consistent statement made by Swan on February 5, 1970 constituted reversible error. After Swan had given his direct testimony, appellant's attorney on cross-examination questioned him about a pending burglary charge implying that a deal had been made with respect to that charge to secure his testimony in the instant case. Thereafter on redirect examination of Swan the trial court accepted into evidence the disputed statement. While ordinarily a party may not bolster the testimony of his witnesses by showing that they have made prior consistent statements (*Crawford* v. *Nilan,* 289 N. Y. 444), there is an exception to this general rule in that "where the testimony of a witness is assailed as a recent fabrication, it may be confirmed by proof of declarations of the same tenor before the motive to falsify existed". (*Ferris* v. *Sterling,* 214 N. Y. 249, 254; *People* v. *Singer,* 300 N. Y. 120, 123.) Appellant contends, however, that this exception does not apply here because Swan's testimony was not attacked as a "recent fabrication" but as "a falsehood concocted before the consistent pretrial statement was given" (*People* v. *Branch,* 34 A D 2d 541). The facts, however, do not support appellant's position. It is evident that on February 5, 1970, when he gave the statement in issue, Swan did not know he would be charged with burglary and thus had no motive to "concoct" a story. The defense tactics thus could properly be treated as implying a fabrication, and Swan's prior statement was therefore properly admitted in evidence. Accordingly, we find no basis to disturb the judgment of conviction and it should therefore be affirmed. Judgment affirmed. Herlihy, P. J., Staley, Jr., Greenblott, Simons and Reynolds, JJ., concur.