■ THE PEOPLE OF THE STATE OF NEW YORK Respondent, v SARAH STEVENSON, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered June 25, 1976, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the fifth degree. Defendant stands convicted of possessing marijuana and selling it to an undercover member of the New York State Police. The sole argument she presents in seeking to have the conviction reversed is that the prosecution improperly elicited testimony from the purchasing officer which implicated her in the commission of an uncharged offense. On cross-examination of this witness, defense counsel asked whether an informant had mentioned to him that defendant was a user of narcotics and received an affirmative response. In fact, the officer specified that he had been told she was an addict, dealt

in drugs, and had been in a rehabilitation center. On redirect the prosecutor inquired if the officer had verified this information. He too received an affirmative reply and the following then occurred: "Q. What did you verify? A. The fact that she was at the Rehab Center; had also been involved in a burglary of a doctor's office where drugs were taken." A motion for a mistrial was immediately made and denied by the trial court. In our opinion, the persistence of the prosecutor in pursuing this collateral issue undermines any claim that the answer was entirely unexpected or inadvertent. Although the incident was isolated, the potential prejudice to the defendant cannot be overlooked, and the jury was not promptly instructed to disregard the subject. The danger that a jury would believe a person capable of stealing drugs as one willing to sell marijuana was not sufficiently dissipated by the otherwise satisfactory evidence of defendant's guilt (cf. *People v Kelly,* 38 AD2d 1004; *People v Jackson,* 20 AD2d 918). Judgment reversed, on the law, and a new trial ordered. Kane, J. P., Main, Mikoll and Herlihy, JJ., concur; Larkin, J., dissents and votes to affirm in the following memorandum. Larkin, J. (dissenting). I respectfully dissent. The dialogue upon which the majority base their reversal was first elicited on the cross-examination of a witness by the defense counsel. Therefore, the People could pursue that line of questioning *(People v Singletary,* 54 AD2d 767). Even if it was error, which I do not concede, the error was harmless *(People v Crimmins,* 36 NY2d 230). The judgment should be affirmed.