■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS CRUZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 24, 1978, convicting him of assault in the second degree (two counts) and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No issue has been presented with respect to the facts. During defense counsel's cross-examination of the appellant's estranged wife, allegedly one of his victims, she was asked how long she had been on welfare. She replied: "Ever since my husband went to jail the first time." This testimony, given on a Friday afternoon, prompted an immediate motion for a mistrial. The court reserved decision and adjourned the case at

this point until Monday. No curative instructions were given until Monday, at which time the court told the jurors that the wife's answer was not responsive and should not be considered by them. When this type of error is confined to a single isolated response which has not been elicited by the prosecutor, prompt curative instructions have been deemed sufficient to dissipate the prejudice to the defendant on a theory of harmless error (see *People v Kelly,* 38 AD2d 1004; *People v Jackson,* 20 AD2d 918). But underlying the harmless error analysis in such cases is an acknowledgment that the jury could not have been influenced by the error in the face of overwhelming evidence of guilt. In the instant case, the evidence of guilt cannot be characterized as overwhelming. Thus, the curative instructions were not sufficient to alleviate the prejudice to the appellant's credibility. This is especially so in light of the fact that the jury had a whole weekend to think about the damaging testimony before receiving the curative instructions. The appellant also argues that certain inferences drawn by the prosecutor in his summation were prejudicial. We agree that the inference concerning sexual threats was improper. Although it was logically drawn on the evidence presented at trial, it was irrelevant to the appellant's guilt concerning the crime charged (see *People v Cook,* 42 NY2d 204; *People v Ashwal,* 39 NY2d 105). In and of itself, this error would not mandate reversal since the prompt and vigorous curative instructions given by the court mitigated most of the harm to the appellant. However, considering this error as a component of the aggregate prejudice, its cumulative effect contributes to the need for a new trial. Mangano, J. P., Rabin, Margett and Martuscello, JJ., concur.