■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH H. EGAN, Appellant. — Appeal from a judgment of the County Court of Madison County (Kepner, Jr., J.), rendered May 19, 1983, upon a verdict convicting defendant of the crimes of sodomy in the third degree and endangering the welfare of a child. ¶ In the fall of 1982, defendant and the victim's family were apparently socializing together somewhat regularly. During this time defendant, a 47-year-old man, purchased numerous gifts for the victim, a 14-year-old girl, including clothing, tape recorders and stereos. In November of that year, the victim, her mother and her stepfather moved into defendant's house because defendant planned to go to California for an extended period and wanted them to look after his 17-year-old son; however, defendant remained in the house for approximately two months thereafter. ¶ On the evening of December 30, 1982, defendant and the other members of the household, exclusive of the victim, had been drinking. The victim had gone to bed around midnight, leaving her bedroom door unlocked at the request of her older sister, who was to share the room with her that night. At approximately 4:30 A.M., the sister discovered defendant sitting on the victim's bed with his head between her thighs; the sister ordered him to leave the room and attempted to calm the victim, who was very upset. Defendant unexpectedly departed for California the next day. The sister immediately reported the incident to her mother and again on the following day; the second time, the mother responded that "He is gone and it won't happen again." After defendant returned, the sister, on January 17, 1983, reported the incident to the police. Defendant was subsequently arrested, indicted for sodomy in the third degree and endangering the welfare of a child, and convicted of both charges after trial. Since we find none of the various grounds advanced by defendant for reversal compelling in any respect, we affirm. ¶ In an attempt to discredit the victim, defense counsel on cross-examination asked the mother if the victim had ever invented stories to make her boyfriend jealous, to which the mother responded that she did not know. Claiming that the defense had "opened the door", the People used this as an opportunity to elicit testimony regarding defendant's bad acts. On redirect, the People, over defense objection, inquired whether the mother had ever heard her daughter accuse anyone, including defendant, of any prior sexual conduct, and the witness rejoined that her daughter had told her that defendant on one occasion had come into her bedroom, put his hands on her and said he loved

her. ¶ Evidence which has not been made necessary by the opponent's case in reply normally should be excluded by the trial court (*People v Melendez*, 55 NY2d 445, 452). Here, on cross-examination, the witness testified only that she was unaware if her daughter fabricated stories to make her boyfriend envious. Hence, it was error for the trial court on redirect to permit a much broader scope of inquiry, admitting hearsay testimony directly implicating defendant in a similar prior uncharged crime (*People v Melendez, supra*, pp 452-453). Concededly, the danger that the jury would conclude that one capable of molesting a 14-year-old child once would do so again is significant (*People v Stevenson*, 59 AD2d 972, 973). Nevertheless, in light of the overwhelming evidence of defendant's guilt, including self-incriminating statements made to his daughter and claimed common-law wife, pictures of him displaying affection for the victim, his uncontroverted verbal and tangible expressions of love for her and the eyewitness testimony of the victim's sister, we find this error to be harmless (cf. *People v Melendez, supra*, p 453). ¶ The photographs depicting defendant and the victim in nonsexual but affectionate poses were properly allowed into evidence to corroborate other proof of defendant's intimate relationship with her. Furthermore, the contention that these photographs were obtained in contravention of defendant's Fourth Amendment rights is simply unsubstantiated, and the assertion that the marital evidentiary privilege barred the testimony of defendant's claimed common-law wife is an issue that was not preserved for review (*People v Nuccie*, 57 NY2d 818). Moreover, there is also ample corroboration in the record for the admissions attributed to defendant by this woman (see CPL 60.50; *People v Lipsky*, 57 NY2d 560, 571). ¶ Beyond that, we note that endangering the welfare of a child was properly charged as a concurrent count, and not as a lesser included offense of sodomy in the third degree, as it is possible to commit the latter without committing the former (*People v Glover*, 57 NY2d 61, 63). ¶ Nor do we find it to have been error for the trial court to summarily deny defendant's motion to set aside the verdict on the basis of newly discovered evidence. The "new evidence" prompting that motion, made pursuant to CPL 330.30 (subd 3), consisted of the victim's posttrial statements purportedly recanting certain aspects of her testimony. A comparison of the victim's trial testimony with these statements discloses no significant differences, lending support to the trial court's determination that a hearing was unnecessary (*People v White*, 44 AD2d 749, affd 40 NY2d 876). ¶ Finally, we are of the view that defendant's sentence to the maximum term allowable was not excessive and that his other *pro se* arguments are meritless. ¶ Judgment affirmed. Casey, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.