■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMIL JEUDI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered May 27, 1986, convicting him of attempted assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's *Sandoval* ruling, which permitted the prosecutor to cross-examine the defendant with respect to a prior shooting incident similar to the crime for which he was on trial, was not abuse of discretion. The earlier incident occurred only two days before the crime charged and demonstrated a disregard for the safety of others in furtherance of the defendant's own interests thereby impacting directly upon the issue of the defendant's credibility *(see, People v Sandoval,* 34 NY2d 371, 377). The similarity between the prior crime and the crime charged does not automatically preclude inquiry *(see, People v Pavao,* 59 NY2d 282, 292; *People v Torres,* 110 AD2d 794, 795).

We also find that the spontaneous testimony of an eyewitness to the crime, which referred to a prior criminal act of the defendant precluded by the *Sandoval* ruling, does not mandate reversal of his conviction. The remark was a single isolated response which was not solicited by the prosecutor. Moreover, the court issued prompt curative instructions and there was overwhelming evidence of guilt. Therefore, the error was harmless *(see, People v Kelly,* 38 AD2d 1004; *People v Jackson,* 20 AD2d 918; *cf., People v Cruz,* 72 AD2d 748). Mollen, P. J., Thompson, Lawrence and Weinstein, JJ., concur.