■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLISON COLP, Appellant.—Judgment unanimously affirmed. Memorandum: "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." (Penal Law § 110.00.) There was ample evidence of defendant's intent to commit a robbery both from the testimony of the witness Lashen and from the recorded statements of defendant and his accomplice, Sharpe. We conclude that Sharpe engaged in conduct tending to effect the commission of a robbery at a gasoline station. After observing the station from across the street for a substantial period of time, he crossed the street, entered upon the premises of the gasoline station, and, carrying a loaded gun in his pocket, walked directly toward the shelter housing the cash register and the attendant. The act tending to effect the commission of the crime need not be the final one toward the completion of the offense, but it must carry the project forward within dangerous proximity to the commission of the crime *(People v Bracey,* 41 NY2d 296, 300, *rearg denied* 41 NY2d 1010). Here, the acts of Sharpe carried the intended plan dangerously close to the completion of the armed robbery of the gasoline station attendant and the larceny of the money in the cash register.

We have reviewed the other issues raised by defendant and we conclude that none requires reversal. (Appeal from judgment of Oneida County Court, Buckley, J.—attempted robbery, first degree, and other charges.) Present—Dillon, P. J., Boomer, Balio, Lawton and Davis, JJ.