OPINION OF THE COURT
Joseph J. Maltese, J.
After a bench trial the defendant was convicted of one count of attempted assault in the third degree. Upon the motion of the defendant, this court dismissed the remaining charge of attempted assault in the third degree and the charge of attempted sexual misconduct (Penal Law §§ 110.00, 130.20) due to the People’s inability to make out a prima facie case on that charge and reserved decision on the defendant’s *106 motion to dismiss the charge of attempted sexual abuse in the third degree (Penal Law §§ 110.00, 130.55), a class B misdemeanor.
FACTS
The defendant, who usually sat on a park bench in a school yard each morning, would wave and say hello to the complainant as she cut through the school yard as a short-cut to the train station en route to work. On or about March 12, 1993, as the complainant was walking through the school yard on her way to the train station, the defendant approached the complainant from the rear and grabbed her around the neck and placed his hand over her mouth and told her, "I want your pussy!” He then grabbed her about the waist at which point the complainant struck the defendant in the midsection with her elbow and ran off to call her boyfriend. The complainant sustained a cut and scratch over her lip and was very upset. The defendant merely returned to his park bench and was later confronted by the complainant’s boyfriend at which point a fight ensued, which is not the subject matter of this decision.
The issue is whether the threatening and provocative words, "I want your pussy!”, coupled with a grabbing around the neck and then the stomach constitute attempted sexual abuse in the third degree.
In the instant case, there was both a physical grabbing of the complainant and a verbal demand that was crude but effective to convey to the complainant that the defendant’s objective was sexual. The unequivocal statement, "I want your pussy”, made while holding the complainant by her neck and around the waist, does not permit this act to be misinterpreted as having anything other than a sexual objective. The force of the attack was substantial enough to satisfy the requirement that the defendant engaged in conduct intended to accomplish an offense of sexual abuse in the third degree.
The defendant’s expressed purpose was sexual and in combination with the physical grabbing and holding established the nature of the assault which ultimately requires only a touching and not penetration. The Appellate Division, Second Department, in People v Glover (107 AD2d 821 [1985]) affirmed the conviction of attempted rape on verbal threats when combined with physical force: "The evidence adduced at trial was sufficient to support the conviction for attempted rape. *107 Defendant’s acts of accosting the complainant, forcing her into her car and restraining her with verbal threats and threat of injury with a knife, combined with his statement, T want to f_with you’ established the requisite intent and conduct carrying 'the project forward within dangerous proximity to the criminal end to be attained’ (see People v Pereau, 99 AD2d 591, 592; Penal Law, § 100.00).”
The intentions of the defendant were not left to conjecture nor could his actions be misinterpreted with another offense which might also motivate an assault. The sexual nature of his actions were clearly defined in his own straightforward street language. "A person is guilty of sexual abuse in the third degree when he subjects another person to sexual contact without the latter’s consent.” (Penal Law § 130.55.) "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime” (Penal Law § 110.00).
The Court of Appeals in People v Coleman (74 NY2d 381, 383 [1989]) states: "an attempt is an act done with an intent to commit some other crime. As we noted in People v Bracey (41 NY2d 296, 299), the theory is that although the defendant may have failed in the purpose, the conduct can be treated as a crime in itself if carried far enough to cause a sufficient risk of harm. In order to prove an attempt, it is necessary to establish (1) that the defendant had the intent to commit a specific offense; and (2) that the defendant engaged in some affirmative act to carry out that intent (id., at 300; see also, People v Moran, 123 NY 254, 257).”
It is obvious that the acts of the defendant placed the complainant in jeopardy and it is fortunate the events did not escalate to a more serious level of offense. "The act tending to effect the commission of the crime need not be the final one toward the completion of the offense, but it must carry the project forward within dangerous proximity to the commission of the crime (People v Bracey, 41 NY2d 296, 300, rearg denied 41 NY2d 1010)” (People v Colp, 147 AD2d 964 [4th Dept 1989]). " 'Sexual contact’ means any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party. It includes the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing.” (Penal Law § 130.00 [3].)
The forceful acts of the defendant coupled with his an *108 nouncement of his objective, "I want your pussy!”, are sufficient manifestations of the defendant’s intent. This court finds that the defendant did attempt to have, at the very least, an unconsented touching of the complainant’s sexual or other intimate parts for the purpose of gratifying his sexual desire. There is no evidence that the defendant would not have followed through with his announced desire. It was the complainant’s quick action that thwarted the defendant from further action.
Accordingly, the defendant’s motion to dismiss the charge of attempted sexual abuse in the third degree is denied.
This court finds that the People have proved that the defendant, Derrick Clark, is guilty beyond a reasonable doubt of the offense of attempted sexual abuse in the third degree.