■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR PENA-MARTINEZ, Appellant. [614 NYS2d 850] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Supreme Court erred in admitting testimony concerning uncharged conduct of defendant and in refusing to conduct a *Ventimiglia* hearing prior to receipt of that testimony. An undercover officer testified that, on June 20, 1990, he purchased a quantity of cocaine from a person called Mimi; that defendant was present in the kitchen of Mimi's apartment where the transaction occurred; that defendant supplied the cocaine to Mimi; and that Mimi handed defendant the cash payment for the drugs. At that time, the officer had had no prior dealings with defendant and knew only that his first name was Hector. To establish a further basis for the officer's in-court identification of defendant, the prosecutor sought to elicit testimony from the officer concerning two meetings he had with defendant in August and September 1990, subsequent to the subject transaction. Defendant objected at the outset of that portion of the direct examination and requested a hearing. That request was summarily denied. The officer then testified not only about matters relevant to identification, i.e., that he observed defendant face-to-face for 5 to 10 minutes in daylight, but also that the purpose of those meetings was to negotiate future drug transactions. On appeal, defendant contends that the court erred in denying his motion for a mistrial. We agree. Contrary to the People's contention, the officer's testimony was not relevant for the purpose of completing the narrative of the episode *(cf., People v Gines,* 36 NY2d 932). The testimony of the undercover officer that he observed defendant on two occasions subsequent to the subject transaction was relevant to the issue of identification; however, testimony concerning the purpose of those meetings was wholly unrelated to the officer's identification.

The prejudicial effect of the officer's testimony unquestionably outweighed its probative value. Had the court conducted

a *Ventimiglia* hearing, it could have made that assessment and could have restricted the scope of direct examination of the undercover officer concerning the subsequent meetings, thereby eliminating the inadmissible and prejudicial portions of that examination *(see, People v Crandall,* 67 NY2d 111, 116-117). Under the circumstances, the court should have granted a mistrial *(see, People v Stevenson,* 59 AD2d 972).

The court also erred in refusing to deliver a missing witness instruction concerning the People's failure to call the confidential informant as a witness. Although the confidential informant was not present during the drug transaction, the undercover officer testified that the informant was present during the subsequent meetings with defendant in August and September 1990. The informant could have testified, therefore, on the issue of identification, and the People did not assert that the informant was unavailable or beyond their control *(see, People v Kitching,* 78 NY2d 532).

There is no merit to the contention that evidence of the undercover officer's identification of defendant should have been suppressed. Because we grant a new trial, it is unnecessary to consider the remaining issues raised by defendant. Were we to consider them, we would find them to be without merit. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Green, J. P., Balio, Fallon, Callahan and Davis, JJ.