■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY WATKINS, Appellant. [635 NYS2d 862] —Judgment unanimously affirmed. Memorandum: Although the reference by a prosecution witness to defendant's other burglaries violated County Court's *Ventimiglia* ruling *(see, People v Ventimiglia,* 52 NY2d 350), defendant failed to object or to request

curative instructions. Thus, the issue is not preserved for our review *(see,* CPL 470.05 [2]). Further, the reference was inadvertently made in relating defendant's statement regarding the burglary for which defendant was on trial. That statement was found by the court to have been knowingly, intelligently and voluntarily made. Additionally, any prejudicial effect of the witness's testimony was harmless in light of the overwhelming evidence of defendant's guilt *(see, People v Crimmins,* 36 NY2d 230, 241-242; *People v Archie,* 167 AD2d 925, *lv denied* 77 NY2d 991).

Although we do not condone the comment of the prosecutor in his opening statement regarding defendant's "problem with cocaine", the court gave adequate curative instructions to the jury that "alleviate[d] the prejudice to the defendant" *(People v Cruz,* 72 AD2d 748, 749; *see, People v Kelly,* 38 AD2d 1004). It is apparent that the jury carefully weighed the evidence and that its verdict, which acquitted defendant of two of the charges, was not affected by the prosecutor's isolated remark.

We reject the contention of defendant that his right to counsel was violated when the police questioned him without inquiring whether there was another charge pending against him. The police who questioned defendant were not aware of the other pending charge and their questions were solely on matters unrelated to that charge *(see, People v Bing,* 76 NY2d 331; *People v Blackwell,* 175 AD2d 673, *lv denied* 78 NY2d 1126).

Defendant's conviction of attempted burglary in the third degree (Penal Law §§ 110.00, 140.20) is supported by sufficient evidence, and the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495; *People v Ford,* 66 NY2d 428, 437; *People v Colp,* 147 AD2d 964, *lv denied* 74 NY2d 662). (Appeal from Judgment of Erie County Court, Rogowski, J.—Attempted Burglary, 3rd Degree.) Present—Pine, J. P., Fallon, Callahan, Davis and Boehm, JJ.