■ In the Matter of PHOENIX G., a Person Alleged to be a Juvenile Delinquent, Appellant. [697 NYS2d 121] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (McLeod, J.), dated June 17, 1998, which, upon a fact-finding order of the same court dated June 8, 1998, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted sodomy in the first degree, sexual abuse in the first degree (two counts), attempted sexual abuse in the first degree, unlawful imprisonment in the second degree, and sexual abuse in the third degree, adjudged him to be a juvenile delinquent and placed him with the New York State Office of Children and Family Services for a period of 18 months. The appeal brings up for review the fact-finding order dated June 8, 1998.

Ordered that the order of disposition is modified, on the law, by vacating the provisions thereof adjudicating the appellant a juvenile delinquent based upon findings that he committed acts which, if committed by an adult, would have constituted the crimes of attempted sodomy in the first degree, attempted

sexual abuse in the first degree, and unlawful imprisonment in the second degree, and placing him with the New York State Office of Children and Family Services for a period of 18 months, and substituting therefor provisions adjudicating the appellant a juvenile delinquent based upon a finding that he committed acts which, if committed by an adult, would have constituted the crime of attempted sexual abuse in the third degree, and dismissing the first, fourth, and fifth counts of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, the fact-finding order is modified accordingly, and the matter is remitted to the Family Court, Kings County, for a new disposition.

The complaining witness, a special education student, gave confused and conflicting answers to questions relating to such matters as where she was going at the time of the two incidents in question. However, her accounts of the incidents themselves were entirely consistent. Accordingly, we reject the appellant's contention that the Family Court's findings of fact were against the weight of the evidence. Resolution of issues of credibility and the weight to be accorded to the evidence presented are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*cf., People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless it is clearly unsupported by the record (*cf., People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the findings of fact are not against the weight of the evidence (*cf.,* CPL 470.15 [5]).

We find, however, that the acts proved would not, if committed by an adult, have constituted the offenses of attempted sodomy in the first degree and attempted sexual abuse in the first degree. It cannot be said that the appellant acted to "carry the project forward within dangerous proximity of the criminal end to be attained" (*People v Werblow,* 241 NY 55, 61), which was unquestionably to force the complainant to perform oral sex on him (*see, People v Hamilton,* 256 AD2d 922, 923; *cf., People v Rua,* 198 AD2d 311). The acts proved, however, would, if committed by an adult, have constituted the lesser-included offense of attempted sexual abuse in the third degree (*see, People v Brown,* 251 AD2d 694; *People v Clark,* 159 Misc 2d 105).

The presentment agency correctly concedes that the fifth count of the juvenile delinquency petition, alleging unlawful imprisonment in the second degree, should have been merged with the other counts (*see, People v McCoy,* 210 AD2d 508). Joy, J. P., Friedmann, Goldstein and McGinity, JJ., concur.