OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted, after a jury trial, of attempted murder in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree. On this appeal, he argues that the Trial Judge’s extensive participation in the questioning of witnesses deprived him of a fair trial. That claim, however, is not adequately preserved for this court’s review.
A question of law for review in this court is presented on a claim of excessive interference by the Trial Judge when there has been an objection at trial in some form sufficient to give the Judge an opportunity to correct the problem or when it is clear from the record that objection would have been unavailing. As the court recognized in People v Yut Wai Tom (53 NY2d 44, 55), “Because a court is entitled to question witnesses to clarify testimony and to facilitate the progress of the trial, a defense attorney cannot be expected to enter an objection to the Trial Judge’s conduct at the first sign of judicial overbearance.” Nonetheless, after it becomes “clear that the Judge intends to exceed his permissible role and assume the advocate’s function” (53 NY2d, at p 55), it is incumbent upon defense counsel at least to attempt to register some protest to that conduct to preserve the matter for appellate review. In addition, the objection or objections must be of a nature to apprise the Trial Judge that it is his or her intrusion into the conduct of the trial that is at issue.
*888 In the instant case, although defense counsel objected three times to questioning by the Trial Judge, the record indicates that the objections were directed to specific questions rather than to the Judge’s general course of action or participation as a whole. By failing to call the Judge’s attention to his allegedly prejudicial conduct, defendant did not offer him an opportunity to alter or correct it. Defendant also failed to move for a mistrial, which would have given the trial court an additional opportunity to correct the asserted error.
It is true in such cases, of course, that “the greater the Trial Judge’s penchant for participation in the questioning of witnesses, the more difficult will it be for counsel to register objection to the Judge’s conduct for fear of antagonizing him” (People v Yut Wai Tom, 53 NY2d 44, 55, supra), and it is conceivable that in an extreme form this might excuse a defendant’s failure to make an appropriate objection. There is no indication in the record, however, that such a situation was present here. Defendant’s failure to make an appropriate objection or to move for a mistrial, therefore, must preclude review of his claim by this court.
Those of defendant’s other claims that are preserved are without merit.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.