■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS RAGUSA, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Agresta, J.), dated October 28, 1983, which, after a hearing, granted defendant's motion to suppress certain physical evidence and statements made by defendant to the police.

Order reversed, on the law, and matter remitted to the Supreme Court, Queens County, for a new hearing in accordance herewith.

The defendant was indicted for criminal possession of a weapon in the third degree. The only issue raised on this appeal is whether Criminal Term properly suppressed the gun which was seized from defendant, as well as certain statements made by defendant to the police, on the ground that all such evidence was the fruit of an unlawful arrest.

At the suppression hearing, the People presented evidence, including the arresting officer's testimony, showing that the gun was seized and defendant's statements were obtained as the result of an arrest based upon probable cause (*cf. People v Sanders,* 79 AD2d 688; *see also, People v Ward,* 95 AD2d 233). Criminal Term's finding that at the time of his arrest for robbery, defendant did not "fit" the photograph or the verbal description of the alleged perpetrator given to the police by the robbery victim, and the fact that defendant was neither identified in a postarrest lineup nor subsequently indicted for the robbery, do not warrant the conclusion that the officer lacked probable cause to arrest defendant. The arresting officer had been given, in addition to the description and photograph, the name and current address of the alleged perpetrator, and before arresting defendant, the officer ascertained his name. As we have noted, "an arrest need not be

supported by information and knowledge which, at the time, excludes all possibility of innocence and points to the defendant's guilt beyond a reasonable doubt * * * As the very name suggests, probable cause depends upon probabilities, not certainty" (*People v Sanders,* 79 AD2d 688, 690, *supra*).

Accordingly, based upon the record currently before us, defendant's request for suppression, which was granted solely on the ground that his statements and the gun were obtained as the result of an illegal arrest, should have been denied.

However, at the suppression hearing, defendant sought to obtain the address of the robbery victim for the purpose of subpoenaing him as a rebuttal witness (*see, People v Ward,* 95 AD2d 233, 238, n 2, *supra; cf. People v Malinsky,* 15 NY2d 86, 94). While the court directed the prosecutor to provide the address, the prosecutor thereafter opposed the application, and defense counsel never pursued the request, apparently in light of the court's subsequent statements at the hearing indicating that it would not be necessary for that witness to testify.

Accordingly, under the circumstances herein, a new hearing should be held at which time defendant, if he be so advised, may either subpoena or request the production of the robbery victim, as well as any other relevant witness, and, if necessary, the prosecutor is directed to supply defendant the last known addresses of such witnesses. Lazer, J. P., Bracken, Brown and Lawrence, JJ., concur.