■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW BONAPARTE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered May 25, 1983, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Viewing the evidence in the light most favorable to the prosecution, as we must, defendant's guilt was proven beyond a reasonable doubt (see, *People v Malizia,* 62 NY2d 755, *cert denied* — US —, 105 S Ct 327; *People v Contes,* 60 NY2d 620). Defendant was identified by the complainant who had ample opportunity to view him under good lighting conditions both before and during the commission of the crime. The complain-

ant, who had described defendant, *inter alia,* as a black male, about an inch taller than herself, with big lips and scars on his face, unequivocally identified defendant as the perpetrator at a lineup and at trial. Although defendant presented an alibi defense, the alibi witnesses gave inconsistent accounts of defendant's activities on the day in question. Furthermore, any issues of credibility were matters for the jury to determine *(People v Gruttola,* 43 NY2d 116; *People v Di Girolamo,* 108 AD2d 755, *lv denied* 64 NY2d 1133).

Defendant's claims of error with respect to (1) the prosecutor's cross-examination of the alibi witnesses and (2) the court's alibi charge have not been preserved for appellate review. Reversal in the interest of justice is not warranted under the circumstances of this case *(cf. People v Lediard,* 80 AD2d 237).

We have considered defendant's claim that his sentence is excessive and find it to be without merit. Accordingly, we decline to exercise our discretion to disturb the term of imprisonment imposed by the sentencing Judge *(see, People v Suitte,* 90 AD2d 80; *People v Junco,* 43 AD2d 266). Mangano, J. P., Thompson, Bracken and Brown, JJ., concur.