■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN APONTI, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Queens County (Friedmann, J.), rendered June 19, 1984, convicting him of robbery in the first degree (four counts), robbery in the second degree (two counts), criminal use of a firearm in the first degree, criminal use of a firearm in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Viewing the evidence in the light most favorable to the prosecution, we find that the defendant's guilt was proven beyond a reasonable doubt *(People v Bonaparte,* 114 AD2d 964). The defendant was identified at both a lineup and at trial by a complainant who had viewed him at close range under good lighting conditions. Any issue of credibility raised by the defendant's denial of participation in the crime was properly a matter for the jury to determine *(see, People v Cox,* 114 AD2d 968).

The defendant failed to preserve for review his contention that the trial court intruded excessively upon the presentation of his defense, as no objections were set forth *(see, People v Fernandez,* 110 AD2d 657). In any event, this contention is without merit since the questioned comments merely demonstrated a fair discourse between counsel and the court which did not prejudice the defendant.

The defendant also failed to preserve for our review the issue of the propriety of the court's charge, as there was no objection taken nor was there a refusal of a request for an additional charge *(see, People v Irazarry,* 114 AD2d 1041). In any event, the alibi charge only pertained to the codefendant since the defendant did not proffer such a defense but relied solely upon his own testimony that he did not commit the crimes charged, could not recall his whereabouts at the time of the crime, and did not know his codefendant. Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.