■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY JEFFRIES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered July 7, 1983, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, following a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The Judge presiding at the *Wade* hearing properly denied that branch of the defendant's omnibus motion which was to suppress the complainant's identification testimony since the identification was not the product of an unduly suggestive showup procedure. The record shows that approximately one-half hour after the crime the complainant selected the defendant out of some 20 to 30 people present in a hospital emergency room. Although the arresting officer had previously stated to the complainant that the perpetrators may be at the hospital, he did not state where they were within the hospital or otherwise point them out. In any event, merely "informing a witness that he is going to look at a suspect will not, by itself, vitiate an otherwise proper identification" (see, People v Osgood, 89 AD2d 76, 81). Nor does the fact that the police officer told the eyewitness to be "damn sure" of his identification render the identification inadmissible.

We also reject the defendant's contention that the evidence was insufficient to prove his guilt beyond a reasonable doubt. This court has repeatedly held that were a defendant challenges the complainant's identification by presenting an alibi, the assessment of the credibility of the witnesses is for the jury *(see, e.g., People v Campbell,* 123 AD2d 437; *People v Bonaparte,* 114 AD2d 964; *People v Cox,* 114 AD2d 968).

Also without merit is the defendant's claim that the trial court should have found that the People failed to timely disclose *Brady* material. The defendant became aware at the *Wade* hearing, if not sooner, that an eyewitness to the crime had told the police the make and license plate number of the car in which the culprits made their getaway. Yet, the defendant did not object to the People's failure to disclose this information until after the jury reached a verdict. Under these circumstances, the trial court did not err when it denied the defendant's application *(see, People v Murphy,* 109 AD2d 895; *People v Jones,* 85 AD2d 50; *see also, People v Brown,* 67 NY2d 555).

The defendant's remaining contentions are either unpreserved or have no merit. Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.