most favorable to the prosecution, that no rational trier of fact could have found the essential elements of sexual abuse in the first degree beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620). Credibility is an issue for the jury to determine and, when faced with conflicting evidence in making that determination, it may accept some portions of a witness's testimony and reject others *(see, People v Ford,* 66 NY2d 428; *People v Kennedy,* 47 NY2d 196). This is apparently what the jury did here and, as its verdict is supported by the weight of the evidence, the jury's determination will not be disturbed on appeal. Thus, upon the exercise of our factual review power, we are satisfied that the evidence was of sufficient quality and quantity to establish the defendant's guilt beyond a reasonable doubt *(see,* CPL 470.15 [5]). Rubin, J. P., Kunzeman, Spatt and Harwood, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS DYER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered November 5, 1982, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.,

The defendant's failure to register any protest to the Trial Judge's allegedly improper conduct during trial precludes our review of his claim under CPL 470.05 (2) *(see, People v Charleston,* 56 NY2d 886; *People v Yut Wai Tom,* 53 NY2d 44). Moreover, the Trial Judge properly assumed an active and evenhanded role in the proceedings, fulfilling his responsibility to insure a fair and orderly trial *(see, People v Mendes,* 3 NY2d 120; *People v Gonzalez,* 38 NY2d 208; *People v Yut Wai Tom, supra; People v De Jesus,* 42 NY2d 519).

Furthermore, the trial court properly denied defense counsel's application for admission of the police reports into evidence. Defense counsel failed to lay a proper foundation under CPLR 4518 by failing to show that the statements contained in the police reports had been made by one who was under a duty to impart them *(see, Johnson v Lutz,* 253 NY 124; *Matter of Leon RR,* 48 NY2d 117). Moreover, defense counsel had not even elicited the identity of the person who made the statements in these reports, and therefore, the statements could not possibly have met the requirements of either the business records or prior inconsistent statement exceptions to the hearsay rule *(see, Gagliano v Vaccaro,* 97 AD2d 430; *People v Wise,* 46 NY2d 321).

Lastly, the trial court properly denied defense counsel's

midtrial application for a psychiatric examination of the defendant in accordance with CPL 730.30 (1). There was no objective evidence in the record that such an examination was necessary *(People v Moye,* 105 AD2d 853; *People v Salladeen,* 50 AD2d 765, *affd* 42 NY2d 914) and the defendant's decision not to take his counsel's advice did not, in and of itself, indicate his incompetence *(People v Sullivan,* 48 AD2d 398, *affd* 39 NY2d 903). Bracken, J. P., Weinstein, Spatt and Harwood, JJ., concur.