■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD ROBINSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered April 29, 1986, convicting him of rape in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

With respect to the defendant's claim that the trial court improperly interjected itself into the proceedings, it must be initially noted that the defendant did not preserve this issue for appellate review, since he failed to apprise the court of its allegedly prejudicial conduct or to move for a mistrial *(see, People v Charleston,* 56 NY2d 886; CPL 470.05 [2]). In any event, the record indicates that the trial court only intervened to the extent of clarifying the testimony and ensuring that the jury heard and understood the evidence presented. The role of the Trial Judge is "neither that of automaton nor advocate" and his function is to clarify the issues and to facilitate the orderly and expeditious progress of the proceedings *(see, People v Yut Wai Tom,* 53 NY2d 44, 56; *People v De Jesus,* 42 NY2d 519; *People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911). In the instant case, the record reveals that the trial court's conduct was proper.

Turning to the numerous claims of prejudicial error in the prosecutrix's summation, an examination of the record fails to support the defendant's claim that the summation deprived him of a fair trial. Although summation is not an unbridled debate, it is the right of counsel to comment on every pertinent matter of fact bearing upon the questions which must be

decided by the jury as long as it is limited to the four corners of the evidence *(see, People v Ashwal,* 39 NY2d 105). With respect to two statements contained within the summation, that "a trial is not a search for a reasonable doubt" and "it is outrageous to let this man on the street", the court immediately took curative action to ameliorate the prejudicial effects of these remarks. The other statements, now claimed as error by the defendant, were unpreserved for appellate review or were fair comment. The scrutiny of the summations of both counsel indicate that the People's summation was not so prejudicial so as to warrant reversal *(see, People v Roopchand,* 65 NY2d 837; *People v Galloway,* 54 NY2d 396; *People v Singleton,* 121 AD2d 752, *lv denied* 68 NY2d 918). Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.