■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS ROBINSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leone, J.), rendered January 22, 1986, convicting him of murder in the second degree and attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that he was deprived of a fair trial due to the trial court's questioning of a doctor concerning the cause of the victim's death and of the sole defense witness concerning whether the witness had previously revealed the observations which were the subject of his testimony. No objection to this questioning was raised at trial and, therefore, the claim is not properly preserved for appellate review (CPL 470.05 [2]; *see also, People v Charleston,* 56 NY2d 886; *People v Dyer,* 128 AD2d 719, *lv denied* 70 NY2d 711). In any event, the questioning of the doctor was repetitive and merely elicited explanations of technical matters, and the questioning of the defense witness, which adduced that the witness had promptly reported his observations, was not harmful to the defense. This questioning was not excessive and did not create an appearance of partiality *(see, People v Jamison,* 47 NY2d 882; *cf., People v De Jesus,* 42 NY2d 519, 523).

The defendant did, however, voice a timely objection to the trial court's questioning of the defense witness concerning the date of the relevant observation. However, in light of the limited significance of the witness's testimony and the overwhelming evidence of the defendant's guilt, "the jury was not prevented from arriving at an impartial judgment on the merits" *(People v Moulton,* 43 NY2d 944, 946; *see also, People v Jordan,* 138 AD2d 407; *People v Biondolillo,* 63 AD2d 610, 611). Accordingly, a new trial is unwarranted.

Finally, we find that the sentence imposed was not excessive and therefore decline to disturb it *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.