■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL ACOSTA, Appellant.—Judgment of the Supreme Court, New York County (Harold Rothwax, J., on motion to suppress identification testimony and at trial with a jury), rendered September 3, 1986, convicting defendant of two counts of robbery in the first degree and sentencing him as a predicate felony offender to consecutive terms of 7½ to 15 years for the first robbery count and from 12½ to 25 years for the second, an aggregate sentence of from 20 to 40 years (Penal Law § 70.30 [1] [c] [ii]), is unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied without a hearing. Defense counsel's moving papers conceded that the fillers in the lineup were similar to defendant, except for defendant's protruding upper lip, and the police were under no obligation to surround defendant with persons nearly identical to him *(People v Chipp,* 75 NY2d 327). Moreover, the court's informal inspection of a photo-

graph of the lineup adequately addressed defendant's complaint that his protruding lip was a significant physical characteristic that rendered the proceeding unduly suggestive.

Defendant's complaint that he was denied the right to participate in the selection of the jury is unpreserved. Defendant fails to identify any juror who was selected by counsel without sufficient consultation with him. Moreover, the court permitted the defense to reopen jury selection, after the 12 jurors and two alternates had been seated, and granted a defense request to remove two jurors.

Defendant's contention that the court unfairly cross-examined him is unpreserved. Defendant's general objections did not alert the court to defendant's present claim that the court was exhibiting partiality or signaling its opinion of defendant's guilt (cf., *People v Charleston*, 56 NY2d 886). Were we to consider defendant's claim in the interest of justice, we would nevertheless affirm, finding the claim has no merit. The court's limited questioning was pertinent, and not prejudicial. Concur—Kupferman, J. P., Sullivan, Milonas, Asch and Smith, JJ.