■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIDNEY PURDIE, Appellant.—Judgment of the Supreme Court, Bronx County (Joseph Cerbone, J.), rendered March 7, 1989, convicting defendant after a jury trial of burglary in the first degree, and sentencing him to an indeterminate term of imprisonment of 12½ years to life, unanimously affirmed.

The complainant testified that he awakened at 1:00 A.M., to find defendant, armed with an umbrella, standing outside his bedroom door. After a struggle, the complainant gained the upper hand, and defendant, who lost a sneaker in the process, was forced out of the house through an open window. Defendant, wearing a plastic bag on one foot, was arrested in the subway a short time later.

During cross-examination of the complainant, the court said, "Wait a minute", and told the jury "that questions are not evidence * * * It's the question and the answer that emanates from the lips of the witness that is evidence". The court also asked the complainant a number of questions. During cross-examination of the detective, the court again cautioned the jury that "the question coupled with the answer constitutes evidence." After the prosecutor cross-examined defendant about the path he had taken to the complainant's house, the court asked about a dozen questions, several of which focused on whether the train ran under or aboveground.

Defendant's argument on appeal that the court's instructions were untimely, and its questions unfair, has not been preserved for our review as a matter of law. (People v Acosta, 161 AD2d 177, lv denied 76 NY2d 784.) It was incumbent on counsel to attempt to register some protest had he had grounds to believe that the court exceeded its permissible role. (People v Charleston, 56 NY2d 886.) That counsel "thanked" the court in the middle of cross-examination of Rodriguez for reminding the jury that questions were not evidence was insufficient. In any event, were we to review defendant's claims in the interest of justice, we would nevertheless affirm, as the questions were clarifying and none of the court's actions prevented the jury from arriving at an impartial verdict on the merits (People v Moulton, 43 NY2d 944), or prevented defendant from pursuing his defense. Concur—Sullivan, J. P., Rosenberger, Kupferman, Smith and Rubin, JJ.