■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCIANO RIVERA, Appellant.—Judgment, Supreme Court, New York County (Stephen G. Crane, J.), rendered April 3, 1987, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to an indeterminate term of imprisonment of from 3 to 9 years, unanimously affirmed.

On December 5, 1985, at about 10:00 P.M., defendant accosted two sisters in the lobby of their apartment building, and stole one of their pocketbooks at knifepoint. As defendant attempted to leave the building, the other sister grabbed him and after a struggle, retrieved the bag. Defendant exited the building, fled in a light gray Volkswagen, but not before one of the sisters recorded the car's license plate number.

The police determined that this was part of a similar pattern of robberies. After an extensive investigation, a photograph of defendant was obtained. Defendant was identified in a photo array by one of the sisters and a victim of another robbery. Defendant was also identified by a hotel desk clerk as a party registered at the hotel and the owner of the Volkswagen. Following defendant's arrest one sister identified him in a lineup, and subsequently, at trial.

Defendant contends that the court erred in denying his motion to suppress the identification testimony as his arrest was effectuated without probable cause. The police presented sufficient testimony at the suppression hearing to establish the existence of probable cause to arrest, including the similarities of the various robberies, the identification of defendant in a photo array, the location of the specific automobile utilized in the robberies, and the connection of defendant with said automobile. Nor was it incorrect for the court to rely upon the identification of defendant's photograph by the desk clerk as an additional factor in finding probable cause. An

independent showing of *Aguilar-Spinelli* reliability and knowledge is not required since the desk clerk was an identifiable member of the community with no involvement in the case, who could be located and subjected to prosecution for giving false information *(People v Hicks,* 38 NY2d 90, 92-94). The inability of the sister who identified defendant in the photo array to positively identify defendant in a lineup does not undermine the validity of the arrest, since it is the information possessed at the time of the arrest that is relevant *(see, People v Ragusa,* 112 AD2d 956). Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.