■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSTON HAMILTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered January 11, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On April 29, 1988, a felony complaint was filed, and on May 23, 1988, the defendant was arraigned on an indictment charging him with criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree. On July 18, 1988, and again on September 15, 1988, the People announced their readiness for trial. On December 2, 1988, the Supreme Court dismissed the indictment pursuant to People v Cade (140 AD2d 99, adhered to on rearg 145 AD2d 565, subsequently revd 74 NY2d 410), and authorized the People to resubmit the case to the Grand Jury. On January 17, 1989, the defendant was arraigned on the second indictment. In March 1989, the defendant moved, inter alia, to dismiss the second indictment pursuant to CPL 30.30, on the ground that the People violated his statutory right to a speedy trial, which the court subsequently summarily denied.

The trial court acted within the scope of its discretionary authority when it summarily denied the defendant's motion and directed the parties to proceed to trial (see, CPL 210.45

[5]). It is well settled that for the purpose of computing the six-month time period within which the People must be ready for trial, an indictment which replaces an earlier one relates back to the original accusatory instrument *(People v Osgood,* 52 NY2d 37; *People v Lomax,* 50 NY2d 351). Furthermore, the period between the filing of the complaint and the filing of the second indictment is not automatically chargeable to the People *(People v Cortes,* 80 NY2d 201; *People v Sinistaj,* 67 NY2d 236, 240; *People v Kanter,* 173 AD2d 560, 561; *People v Bantum,* 133 AD2d 699). After subtracting the period of delay occasioned by adjournments requested by or consented to by the defense *(see,* CPL 30.30 [4] [b]; *People v Liotta,* 79 NY2d 841, 843; *People v Meierdiercks,* 68 NY2d 613, 615), delay resulting from the failure of the defendant to appear *(see,* CPL 30.30 [4] [c]; *People v Bolden,* 174 AD2d 111, 115; *People v Seabrook,* 126 AD2d 583, 584), and delay directly attributable to the defendant's pretrial motions *(see,* CPL 30.30 [4] [a]; *People v Worley,* 66 NY2d 523; *People v Varela,* 164 AD2d 924), the total time chargeable to the People is within the permitted six-calendar-month statutory time limit *(see,* CPL 30.30 [1] [a]).

We find that the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, Eiber and O'Brien, JJ., concur.