■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WILLIAMS, Appellant. [595 NYS2d 61] —Appeal by the defendant from a judgment of the Supreme Court, Kings

County (Egitto, J.), rendered December 10, 1982, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The charges arose out of an incident in which the defendant was observed by police officers tossing a loaded firearm into some bushes. We conclude that the defendant's challenge to the admissibility of a pre-*Miranda* statement he made to one officer, while in a patrol car, in response to a question asked by the officer, regarding the whereabouts of a gun, is unpreserved for appellate review because its admissibility was not objected to during the *Huntley* hearing *(see,* CPL 470.05 [2]; *People v Martin,* 50 NY2d 1029). In any event, this statement would fall within the public safety exception of the *Miranda* rule *(see, New York v Quarles,* 467 US 649). Further, the defendant's statements to another officer, in the precinct house, were voluntarily made after he was properly given *Miranda* warnings *(see, People v Casiano,* 123 AD2d 712).

The defendant's contention that the People failed to prove his guilt beyond a reasonable doubt is unpreserved for appellate review. In any event, viewing the evidence adduced at trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Bracken, Eiber and Pizzuto, JJ., concur.