THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER WILSON, Appellant. [619 NYS2d 659] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered October 5, 1992, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the trial, the defendant never claimed that the court's comments in front of the jury violated his right to present a defense or his due process right to a fair trial, and the defendant never moved for a mistrial on such grounds. Thus, these arguments are unpreserved for review *(see,* CPL 470.05 [2]; *People v Charleston,* 56 NY2d 886, 887; *People v Yut Wai Tom,* 53 NY2d 44, 54-56; *People v Dowdy,* 154 AD2d 613, 614; *People v Robinson,* 137 AD2d 564; *People v Dyer,* 128 AD2d 719). In any event, the record reveals that when the defendant repeatedly gave unresponsive answers during direct examination, and, upon the People's objections, the court intervened in an evenhanded manner to clarify his testimony. It did not act harshly or otherwise demonstrate prejudice or bias toward the defendant *(see, People v Yut Wai Tom, supra,* at 56-57; *People v Jamison,* 47 NY2d 882, 883; *People v Jordan,* 138 AD2d 407; *People v Robinson, supra; People v Dyer, supra; People v Ayala,* 120 AD2d 600; *People v Riddick,* 117 AD2d 632). The court's comments to the defendant outside of the hearing of the jury similarly did not deny him a fair trial or limit his right or ability to testify *(see, People v Whaley,* 144 AD2d 510, 511). Mangano, P. J., Thompson, Copertino and Hart, JJ., concur.