■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH THOMPSON, Appellant. [621 NYS2d 891] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered December 21, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The Supreme Court properly determined that the People were ready for trial within six months of the filing of the felony complaint (see, CPL 1.20 [17]; 30.30 [1] [a]; [4] [b], [f], [g]; People v Cortes, 80 NY2d 201, 207, n 3; People v Meierdiercks, 68 NY2d 613, 614-615; People v Sinistaj, 67 NY2d 236, 239; People v Osgood, 52 NY2d 37, 43; People v Johnson, 191 AD2d 709; People v Muhanimac, 181 AD2d 464, 465; People v Chang, 160 AD2d 469; People v Fluellen, 160 AD2d 219; People v Jason, 158 AD2d 337; People v LoPizzo, 151 AD2d 614, 615).

The defendant's claim of prejudice as a result of the Supreme Court's conduct at trial is not preserved for appellate review (see, CPL 470.05 [2]; People v Charleston, 56 NY2d 886,

887-888; *People v Du Boulay,* 140 AD2d 707; *People v Aponti,* 122 AD2d 271, 272). In any event, his claim is without merit.

Based upon our review of the record, we find that the defendant received effective assistance of counsel *(see, People v Satterfield,* 66 NY2d 796, 798-799; *People v Baldi,* 54 NY2d 137, 146-147; *People v Sullivan,* 153 AD2d 223, 229; *People v Rodriguez,* 132 AD2d 682, 683; *People v De Rosa,* 118 AD2d 721, 722). To the extent that the defendant raises issues concerning his representation which are dehors the record, they are not reviewable on this appeal *(see, People v Neal,* 205 AD2d 711; *People v Yancy,* 189 AD2d 793).

Finally, the defendant's sentence is not excessive. Miller, J. P., Lawrence, Ritter and Santucci, JJ., concur.