■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM EVANS, Appellant. [623 NYS2d 4] —Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered May 12, 1992, as amended June 1, 1992, convicting him of robbery in the first degree (two counts), robbery in the third degree, and attempted robbery in the third degree, upon a jury verdict, and sentencing him, as a persistent felony offender, to four consecutive indeterminate terms of 25 years to life imprisonment. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentences are to run concurrently with each other; as so modified, the judgment is affirmed.

It is axiomatic that, as to the credibility of witnesses, the determination of the hearing court, which had the advantage of hearing and seeing the witnesses first hand, is to be given great weight on appeal (see, People v Prochilo, 41 NY2d 759) and should be upheld unless it is clearly erroneous (see, People v Belli, 208 AD2d 640; People v Pegues, 208 AD2d 773; People v Catala, 198 AD2d 293, 294). We find that there is nothing in the record which supports the defendant's contention that the testimony of the police officers was patently tailored to nullify constitutional objections (see, People v Stanley, 191 AD2d 732;

cf., *People v Lewis,* 195 AD2d 523, 524; *People v Lebron,* 184 AD2d 784, 787; *Matter of Carl W.,* 174 AD2d 678, 679-680; *People v Miret-Gonzalez,* 159 AD2d 647, 649; *People v Garafolo,* 44 AD2d 86, 88). We further find that the hearing court correctly determined that the police had probable cause to arrest the defendant *(see, People v Rivera,* 176 AD2d 446; *People v Palacio,* 121 AD2d 282, 282-283; *compare, People v Sellers,* 168 AD2d 581; *People v Dawkins,* 163 AD2d 322, 324) and that the defendant's father consented to the police officers entering the house where they arrested the defendant *(see, People v Williams,* 159 AD2d 743, 744).

The defendant's contention that the police failed to scrupulously honor his right to remain silent, made for the first time on appeal, is unpreserved for appellate review *(see, People v Brown,* 195 AD2d 1055; *People v Williams,* 191 AD2d 526, 527; *see also, People v Voliton,* 83 NY2d 192, 196; *People v Martin,* 50 NY2d 1029, 1031) and, in any event, is without merit *(see, People v Gary,* 31 NY2d 68; *People v Brunner,* 209 AD2d 532; *People v Pou,* 185 AD2d 642; *see also, People v Crumwell,* 199 AD2d 406).

The court properly denied the defendant's speedy-trial motion without a hearing since the defendant failed to set forth a prima facie case of a speedy-trial violation *(see, CPL 210.45 [5] [a], [c]; cf., People v Davis,* 184 AD2d 575, 577) and properly determined that the People were ready for trial within six months of the filing of the felony complaint *(see, CPL 1.20 [17]; 30.30 [1] [a]; [4] [b], [c], [e], [g]; People v Melendez,* 182 AD2d 644; *People v Liotta,* 79 NY2d 841, 843; *People v Hamilton,* 187 AD2d 451, 452).

The defendant's claim of prejudice as a result of the Supreme Court's conduct at trial is unpreserved for appellate review *(see, CPL 470.05 [2]; People v Charleston,* 56 NY2d 886, 887; *People v Yut Wai Tom,* 53 NY2d 44, 54-56; *People v Thompson,* 211 AD2d 651; *People v Wilson,* 209 AD2d 654; *People v Dowdy,* 154 AD2d 613, 614). In any event, this claim is without merit.

However, under the circumstances of this case, we find that the defendant's sentence was harsh and excessive *(see, CPL 470.15 [6] [b])* and, in the exercise of our discretion *(see, CPL 470.15 [3] [c]; People v Suitte,* 90 AD2d 80), modify it to four concurrent terms of 25 years to life imprisonment *(see, People v Wilkes,* 132 AD2d 982, 983).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.