■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HARRY, Appellant. [623 NYS2d 607] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered July 21, 1992, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The People must be given a reasonable time in which to answer a defendant's motion to inspect and dismiss Grand Jury minutes pursuant to CPL 210.30, and such reasonable time is not chargeable to the People *(People v Sutton*, 199 AD2d 878, 880). The 14 days it took for the People to respond in the instant case was reasonable and cannot be deemed to have risen to the level of prosecutorial inaction *(see, e.g., People v Delgado*, 209 AD2d 218; *cf., People v Harris*, 82 NY2d 409, 413-414). Accordingly, the People were chargeable, as conceded, with only 182 days of delay, which is within the prescribed statutory period in this case.

The trial court did not improvidently exercise its discretion in denying the defendant's request for an adjournment during the trial for the purpose of locating a witness. The defendant failed to establish the identity or materiality of the witness, that he exercised sufficient diligence in attempting to produce his witness, or that he would be able to produce the witness if his request was granted *(see, People v Foy*, 32 NY2d 473, 476; *People v Singleton* 41 NY2d 402; *People v Roberts*, 208 AD2d 410; *People v Moore*, 206 AD2d 391).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Charleston*, 56 NY2d 886, 887; *People v Yut Wai Tom*, 53 NY2d 44, 54-56; *People v Thompson*, 211 AD2d 651; *People v Wilson*, 209 AD2d 654), or without merit *(see, Niles v State of New York*, 201 AD2d 774, 777). Sullivan, J. P., Balletta, Rosenblatt and Miller, JJ., concur.