■ ORAZIO BERTUCELLI, Respondent, v FRANK BERTUCELLI et al., Appellants. [630 NYS2d 946] —In an action to recover damages for fraud, undue influence, and legal malpractice, (1) the defendant Stephen Morris appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated October 20, 1993, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him, and (2) all of the defendants appeal from a judgment of the same court, dated January 11, 1994, which is in favor of the plaintiff and against them in the principal sum of $285,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The evidence that was adduced at trial fails to support the jury's finding that the defendant Stephen Morris, an attorney, committed fraud or made misrepresentations in connection with the plaintiff's transfer of a certain piece of real property to the defendants Frank and Mary Bertucelli. However, the jury's finding that Morris committed legal malpractice in connection with the transfer is supported by the record.

Contrary to the contentions of the remaining defendants, the jury's verdict against them is supported by the evidence that was adduced at trial *(see, e.g., Cohen v Hallmark Cards,* 45 NY2d 493).

The trial court permissibly exercised its discretion in limiting the scope and extent of cross-examination of the plaintiff *(see, e.g., Badr v Hogan,* 75 NY2d 629; *People v Hudy,* 73 NY2d 40, 57; *People v Thomas,* 46 NY2d 100; *People v Rodriguez,* 191 AD2d 723; *People v Stewart,* 188 AD2d 626).

We have reviewed the defendants' remaining contentions and find them to be without merit *(see, Zuckerman v City of New York,* 49 NY2d 557; *Rudnitsky v Robbins,* 191 AD2d 488; *see also, People v Jamison,* 47 NY2d 882; *People v Wilson,* 209 AD2d 654). Balletta, J. P., O'Brien, Thompson and Altman, JJ., concur.