■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR ORTIZ, Appellant. [643 NYS2d 374] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered December 13, 1993, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied the effective assistance of counsel is based upon a claim that is outside of the record and, thus, not reviewable on direct appeal (*see, People v Thompson,* 211 AD2d 651; *People v Neal,* 205 AD2d 711). We note that the defendant received an advantageous plea agreement and there is nothing in the record that casts doubt on the apparent effectiveness of counsel (*see, People v Ford,* 86 NY2d 397, 404). We have considered the defendant's remaining contention and find it to be without merit (*see, People v Kazepis,* 101 AD2d 816). Balletta, J. P., Rosenblatt, Thompson and Copertino, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY PATTERSON, Appellant. [643 NYS2d 171] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cirigliano, J.), rendered June 23, 1995, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court erred by not affording him the opportunity to withdraw his plea of guilty before imposing a higher sentence than that originally negotiated in the plea agreement. The record, however, indicates that the defendant had been informed that it was the intent of the court to condition the promised sentence on the defendant not being arrested during the period of time between the plea proceeding and sentencing. Because the defendant was arrested during this period of time, the court was no longer bound by its promise and was free to impose a more severe sentence (*see, People v Ellis,* 162 AD2d 701; *People v Betheny,* 147 AD2d 488; *People v Gamble,* 111 AD2d 869). Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.