THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK BOSTIC, Appellant. [810 NYS2d 71]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered June 9, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds (two counts), criminal sale of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony offender, to an aggregate term of 6 to 12 years, unanimously affirmed.

Since defendant only made generalized objections, his challenges to the People's summation are unpreserved (*People v Tonge,* 93 NY2d 838, 839-840 [1999]), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged remarks constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom, made in response to defense arguments, and that the summation did not deprive defendant of a fair trial (*see People v Overlee,* 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro,* 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

Defendant's challenge to the court's questioning of him during his testimony is also unpreserved (*see People v Charleston,* 56 NY2d 886 [1982]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's minimal participation, consisting of only two clarifying

questions, did not deprive defendant of a fair trial (see *People v Moulton*, 43 NY2d 944, 945-946 [1978]).

We perceive no basis for reducing the sentence. Concur—Saxe, J.P., Marlow, Gonzalez, Catterson and McGuire, JJ.