People v Perez (2018 NY Slip Op 04825)





People v Perez


2018 NY Slip Op 04825


Decided on June 28, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018

Acosta, P.J., Sweeny, Webber, Kahn, Oing, JJ.


6994 157/12

[*1]The People of the State of New York, Respondent,
v
Christian Perez, Defendant-Appellant.


Stanley Neustadter, Cardozo Appeals Clinic, New York (Bobbi C. Sternheim of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathon Krois of counsel), for respondent.



Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered September 25, 2013, convicting defendant, after a jury trial, of attempted murder in the second degree and two counts of criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 21 years, unanimously affirmed.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters of strategy not reflected in, or fully explained by, the record (see People v Rivera , 71 NY2d 705, 709 [1988]; People v Love , 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento , 91 NY2d 708, 713-714 [1998]; Strickland v Washington , 466 US 668 [1984]). Defendant has not shown that counsel's choices not to make either an opening statement or a request for a missing witness charge fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or had a reasonable probability of affecting the outcome of the case.
Defendant failed to preserve his challenges to the court's conduct of the trial (see People v Charleston , 56 NY2d 886, 887-888 [1982]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. The isolated remarks and questions challenged by defendant on appeal did not deprive him of a fair trial.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2018
CLERK