■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v MICHAEL BANNERMAN, Appellant.—Appeal by defendant from a judgment of the

Supreme Court, Kings County, rendered April 21, 1976, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts upon which the judgment is based were considered and determined to have been established. This case arises out of the armed robbery of a taxicab driver by two men. One perpetrator was apprehended near the scene and the second fled. Some 15 minutes later the complainant spotted the defendant-appellant amongst a group of people on the street and identified him as the second participant in the robbery. The defendant, at the trial, denied participation in the robbery and testified that he and three of his brothers and sisters had been at a party on the night in question. Two of the defendant's friends and one of his sisters supported his alibi in their testimony. The defense rested and the trial court gave its charge to the jury. The jury was then excused for the day. The next day the prosecutor informed the court of an incident which had occurred the previous day after the jury had been excused. Three of the members of the jury panel had been in the same elevator as the defendant's mother and a sister who had not testified. The Assistant District Attorney handling the prosecution was also in the elevator. The mother and sister became engaged in a conversation; the sister said something about lying, and then said, "if we don't beat this case, I'm going to get beat up." At this point the Assistant District Attorney interrupted their conversation, telling them to be quiet because there were jurors in the elevator. The trial court questioned the three jurors and learned that they had discussed this incident with the other jurors. The jurors, when questioned, swore that they would not be prejudiced by the incident. The trial court denied the defendant's motion for a mistrial. The case was submitted to the jury and the defendant was found guilty of robbery. He contends that he was deprived of his right to a fair trial because of this incident. We agree and therefore the judgment must be reversed and a new trial ordered. The Sixth Amendment to the Constitution of the United States, made applicable to the States through the due process clause of the Fourteenth Amendment, guarantees the right to a fair trial by an impartial jury. It was highly prejudicial here for the jurors, on the verge of their deliberations, to overhear a party so closely tied to the defendant utter an ambiguous statement about a possible motive to lie and the defendant's tendency towards violence. Although the trial court attempted to negate any prejudice by instructing the jurors to disregard any statements they may have overheard outside of the courtroom, there exists the strong possibility, in this case involving a closely contested issue of identification, that the verdict was tainted by the statements overheard and then discussed among the jurors. The court had a duty to keep the jurors free from external influences (see CPL 310.10) and its failure to do so deprived the defendant of his constitutional right to a fair trial. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.