■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD PIKE and JEFFREY GILBERT, Appellants.—Appeals by the defendants from two judgments (one as to each of them) of the Supreme Court, Queens County (Cooperman, J.), both rendered July 17, 1986, convicting them of assault in the second degree, coercion in the first degree, assault in the third degree, and official misconduct, upon a jury verdict, and imposing sentence.

Ordered that the judgments are affirmed, and the cases are remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

Upon the exercise of our factual review power we are satisfied that the evidence established the defendants' guilt beyond a reasonable doubt and that the guilty verdicts were not against the weight of the evidence *(see,* CPL 470.15 [5]). The testimony of the complainant as to the manner of occur-

rence of the charged crimes was credible and was supported by an abundance of other expert and lay testimony presented by the People.

The court properly exercised its discretion in admitting a model "stun gun" into evidence. The stun gun was a unique device which the jury would otherwise have difficulty in visualizing, and which the complainant testified was similar in appearance to the one he claimed was used upon him by the defendant Pike. Accordingly, a proper foundation was laid for its admission into evidence (see, People v Del Vermo, 192 NY 470, 482-483; People v Jones, 128 AD2d 639; cf., People v Mirenda, 23 NY2d 439, 453). Moreover, the court specifically instructed the jury that this stun gun was only a "model", and could only be considered by them as such.

Similarly, we find that the trial court properly exercised its discretion by refusing to allow the defense to present testimony that a search was conducted of the defendants' lockers two days after this alleged incident, and that no stun gun was found (see, People v Davis, 43 NY2d 17, 27, cert denied 435 US 998, rearg dismissed 61 NY2d 670; People v Aulet, 111 AD2d 822, 825-826, lv denied 66 NY2d 761).

The court properly found that this evidence was "too * * * remote", and not probative of any issues in this case (People v Barnes, 109 AD2d 179, 184; Richardson, Evidence § 147, at 117 [Prince 10th ed]).

The sentences imposed were not unduly harsh or excessive, and appellate modification of them is unwarranted (see, People v Suitte, 90 AD2d 80). We have reviewed the defendants' remaining contention and find that it does not require reversal. Thompson, J. P., Bracken, Lawrence and Harwood, JJ., concur.