THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTOINE DU BOULAY, Respondent.

On July 2, 1984, Correction Officer Antoine Du Boulay and prison inmate James Jackson had a dispute on the ninth floor of the Brooklyn House of Detention. The argument ended when Officer Du Boulay punched Jackson in the jaw, knocking him to the floor. While Jackson lay on the floor unconscious, it is alleged that Du Boulay kicked him at least twice in the abdomen. Jackson suffered a ruptured pancreas, necessitating immediate surgery.

Under indictment No. 5405/85, Officer Du Boulay was charged with three counts of assault in the second degree. He was tried before a jury and convicted of one count of assault in the second degree based on reckless conduct.

On April 18, 1986, the day set for sentencing, the defendant moved to set aside the verdict on the ground that the court had unduly injected itself into the trial by conducting an extensive and unnecessary examination of two defense witnesses. By order entered June 18, 1986, the court granted the defendant's motion and set aside the verdict.

On appeal the People argue that the trial court lacked the power to set aside the jury verdict as a matter of law, and that in any event the court's examination of the defendant's witnesses did not exceed permissible bounds.

The grounds upon which a Trial Judge may set aside or modify a guilty verdict before sentence are circumscribed by CPL 330.30. The only ground arguably relevant to the present case is that stated in CPL 330.30 (1): "Any ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment *as a matter of law* by an appellate court" (emphasis supplied).

A Trial Judge is not empowered to reverse a jury verdict "[a]s a matter of discretion in the interest of justice" under CPL 470.15 (6) *(People v Carter,* 63 NY2d 530).

Reversal on appeal in a case of this nature, where excessive and improper interference by the Trial Judge is claimed, would be required as a matter of law only if the defendant objected at trial to the error at a time when the court could correct it (CPL 470.05 [2]; *People v Charleston,* 56 NY2d 886, 887-888), or when it is clear from the record that objection would have been unavailing *(People v Charleston, supra).*

In the instant case, not a single objection was voiced by the defendant to the questioning by the Trial Judge of his witnesses, the defendant did not move for a mistrial, and there is no indication in the record that an objection would have been unavailing.

It follows that in the absence of a timely objection at trial to the error alleged, the trial court was not empowered to set aside the verdict as a matter of law *(see, People v Attiya,* 126 AD2d 733). Bracken, J. P., Brown, Weinstein and Rubin, JJ., concur.