■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STANLEY SADOWSKI, Respondent.—Appeals by the People (1) from an order of the Supreme Court, Kings County (Pesce, J.), dated October 5, 1989, which granted the defendant's motion to set aside the verdict and ordered a new trial, and (2), as limited by their brief, from so much of an order of the same court, dated July 27, 1990, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated October 5, 1989, is dismissed, as that order was superseded by the order dated July 27, 1990, made upon reargument; and it is further,

Ordered that the order dated July 27, 1990, is reversed insofar as appealed from, on the law, the order dated October 5, 1989, is vacated, the defendant's motion to set aside the verdict is denied, and the verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

Initially, we note that although the court, in the order dated July 27, 1990, purportedly denied reargument, it did in fact reconsider the motion in light of new case law, and, thus, in effect, granted reargument, but adhered to its original determination. As such, an appeal properly lies from that order.

The defendant was tried for manslaughter in the first degree in connection with the beating death of Walter Bijowski on December 6, 1985. At the close of evidence, the court indicated that it would instruct the jury on the defendant not taking the stand. The defendant voiced no objection at that time, nor after the court instructed the jury not to draw an adverse inference from the defendant not testifying. The jury found the defendant guilty. The defendant then moved to set aside the verdict asserting, *inter alia,* that giving the "no adverse inference" charge where none was requested was error. The motion was granted, and, upon reargument, the court adhered to that determination.

The People appeal. They argue that because no issue of law with regard to the "no adverse inference" charge was preserved by an objection, the giving of that instruction could not require reversal as a matter of law, and in turn, could not properly form the basis for setting aside a verdict.

A trial court's authority to set aside a verdict is limited. Relevant here, CPL 330.30 (1) permits a trial court to set aside a verdict only on a ground which, if raised on appeal, would

require a reversal as a matter of law *(see, People v Carter,* 63 NY2d 530). Accordingly, only a claim of error that is properly preserved for appellate review will provide a basis to set aside the verdict *(see, People v Du Boulay,* 140 AD2d 707; *People v James,* 112 AD2d 380). While *People v McLucas* (15 NY2d 167, 170-171) held that error implicating the defendant's right against self-incrimination is so fundamental that it required no objection to preserve it for appellate review, in *People v Autry* (75 NY2d 836, 838), the Court of Appeals held that the *McLucas* rule is limited to situations where "the language of the charge expressly or at least unambiguously conveys to the jury that the defendant should have testified". In the instant case, as in *Autry,* the challenged instruction, although beyond the bare words of the applicable statute (CPL 300.10 [2]), was a facially correct statement of the law. It did not give the impression that the defendant should have testified *(see, People v McLucas, supra,* at 170-171). Accordingly, an objection was required to preserve the claim of error for appellate review *(see, People v Autry, supra; People v Priester,* 162 AD2d 633). It follows that in the absence of a timely objection at trial to the alleged error, the trial court was not empowered to set aside the verdict *(see, People v Du Boulay, supra; People v James, supra).*

The trial court's reliance on the fact that the evidence against the defendant was entirely circumstantial was misplaced. The nature and weight of the evidence may be relevant, on an appeal from a judgment of conviction, to the determination of whether review of the claim of error should be made in the interest of justice. In addition, if this court chose to reach the issue in the exercise of its interest of justice jurisdiction, the type of evidence could be a factor in assessing the prejudice to the defendant *(see, People v Vereen,* 45 NY2d 856, 857; *People v Stack,* 140 AD2d 389, 392). However, the fact that the evidence against the defendant was entirely circumstantial does not provide a basis for setting aside the verdict based upon an issue which was not preserved as a matter of law. Further, such arguments cannot properly be considered as alternative grounds for affirmance on a People's appeal *(see, People v Goodfriend,* 64 NY2d 695). Brown, J. P., Sullivan, Lawrence and Ritter, JJ., concur.