■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BRAXTON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Battisti, J.), rendered July 31, 1987, convicting him of assault in the first degree, attempted assault in the first degree (three counts), and criminal use of a firearm in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his guilt was not proven beyond a reasonable doubt lacks merit. The defendant failed to argue to the Trial Judge, as he does on appeal, that the evidence was not legally sufficient to identify him as the gunman, or that the victim's injuries were not "serious" enough to sustain a conviction of assault in the first degree. These contentions are therefore unpreserved for appellate review (see, CPL 470.05 [2]; People v MacCary, 173 AD2d 646, 647; People v Lyons, 154 AD2d 715, 716).

In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict

of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Indeed, the evidence in the trial record establishes overwhelmingly that on August 23, 1986, the defendant, having been told by his girlfriend that a Hispanic man had made sexual advances to her, burst into a garage and emptied his .22 caliber handgun into a group of Hispanic people. Four adults and a six-year old child were wounded. At least one victim suffered "serious physical injury" sufficient to sustain the defendant's conviction of assault in the first degree. That victim still had two bullets in his body, close to vital organs, at the time of trial, with the result that his general health was impaired *(see,* Penal Law § 10.00 [10]; *People v Beatty,* 134 AD2d 602), and his ability to perform certain kinds of physical activity was restricted *(see, e.g., People v Gibson,* 140 AD2d 453, 454; *People v Rollins,* 118 AD2d 949, 951).

The defendant was not entitled to a missing witness charge. A detective gave detailed testimony, both out of and in the presence of the jury, regarding his diligent but fruitless efforts to locate an individual who had been a friend of the defendant's and a possible witness to his crimes, but who had disappeared. The court therefore properly denied the defendant's application for a missing witness charge with respect to that individual on the ground that the witness was "unavailable" to the People *(see, People v Gonzalez,* 68 NY2d 424, 428).

The defendant's sentence was not excessive *(see, People v Farrar,* 52 NY2d 302, 305; *People v Lasmanis,* 150 AD2d 800, 801; *People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, P. J., Rosenblatt, Ritter and Santucci, JJ., concur.