■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v UMARUBOR HARVEY, Appellant. [622 NYS2d 809] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered March 17, 1992, convicting him of murder in the second degree, attempted assault in the first degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's claims, the Supreme Court's *Sandoval* ruling was not an improvident exercise of discretion since the prior convictions upon which inquiry was permitted were relevant to the defendant's propensity to place his own interests over those of society. Any similarities between those convictions and the crimes charged did not compel preclusion *(see, People v Pavao,* 59 NY2d 282, 292; *People v Sandoval,* 34 NY2d 371, 374-375; *People v Guzman,* 197 AD2d 705; *People v Craig,* 194 AD2d 687; *People v Burton,* 191 AD2d 703, 704; *People v Ferreira,* 172 AD2d 769; *People v Jeudi,* 139 AD2d 594; *People v Badley,* 122 AD2d 62; *People v Johnson,* 113 AD2d 900, 901-902; *People v Felder,* 108 AD2d 869, 870).

The defendant's claim that the court improperly permitted the People to amend the indictment is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Perez,* 83 NY2d 269, 274; *People v Iannone,* 45 NY2d 589, 600). In any event, this claim is without merit since the amendment did not change the theory of the prosecution or prejudice the defendant on the merits *(see,* CPL 200.70 [1]; *People v Perez, supra; People v Hartman,* 123 AD2d 883; *People v Barbaran,* 118 AD2d 578, 579-580; *People v Ames,* 115 AD2d 543, 544-545).

The defendant's remaining claim is not reviewable on direct appeal from the judgment (see, People v Brown, 192 AD2d 666; People v Noland, 189 AD2d 829; People v Weinberg, 183 AD2d 930). Miller, J. P., Thompson, Santucci and Joy, JJ., concur.