■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERRY LOWRY, Appellant. [682 NYS2d 605] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered September 3, 1996, convicting him of robbery in the third degree, attempted robbery in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the court improperly permitted the People to amend the indictment is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, this claim is without merit since the amendment did not change the theory of the prosecution or prejudice the defendant on the merits (*see, People v Harvey,* 212 AD2d 730).

The trial court properly allowed the People to explain the unavailability of one of the complainants through a detective's testimony (*see, People v Bartolomeo,* 126 AD2d 375, 393). This detective gave detailed testimony regarding his diligent but fruitless efforts to locate one of the complainants, who had disappeared. The court therefore properly denied the defen-

dant's application for a missing witness charge with respect to that complainant on the ground that that complainant was "unavailable" to the People (*see, People v Gonzalez,* 68 NY2d 424, 428; *People v Braxton,* 189 AD2d 888, 889).

The defendant's remaining contentions are either unpreserved for appellate review, waived, or without merit. Bracken, J. P., Miller, Ritter and Thompson, JJ., concur.