■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY SILAS, Respondent. [764 NYS2d 193] —Appeal by the

People from an order of the County Court, Nassau County (LaPera, J.), entered March 26, 2002, which granted the defendant's motion pursuant to CPL 330.30 to set aside so much of a jury verdict as found him guilty of criminal possession of a weapon in the third degree and ordered a new trial on that charge.

Ordered that the order is reversed, on the law, the defendant's motion is denied, the verdict is reinstated, and the matter is remitted to the County Court, Nassau County, for sentencing on the conviction of criminal possession of a weapon in the third degree.

A trial court is permitted to set aside a verdict only on a ground which, if raised on appeal, would require reversal as a matter of law (see CPL 330.30; *People v Carter,* 63 NY2d 530 [1984]). Therefore, only a claim of error that is properly preserved for appellate review will provide a basis to set aside the verdict (see *People v Patino,* 259 AD2d 502 [1999]; *People v Sadowski,* 173 AD2d 873 [1991]). For the defendant to properly preserve his claim that the jury should have been charged with the defense of temporary and innocent possession of a weapon, he was required to raise the claim at trial (see *People v Kouvaras,* 197 AD2d 638 [1993]). The defendant failed to do so and the trial court was, therefore, without authority to set aside the verdict on that ground (see *People v Patino, supra*).

In any event, even viewing the evidence in the light most favorable to the defendant, there was no reasonable view of the evidence upon which the jury could have found that the defendant had a legal excuse for having the weapon in his possession (see *People v Banks,* 76 NY2d 799 [1990]; *People v Kouvaras, supra*). Santucci, J.P., McGinity, Townes and Mastro, JJ., concur.