■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY THOMAS and THOMAS BOONE, Respondents. [777 NYS2d 673]—Appeal by the People from an order of the Supreme Court, Queens County (Rosengarten, J.), dated October 8, 2002, which granted the defendants' motion, in effect, pursuant to CPL 330.30 to set aside the jury verdict convicting them of attempted murder in the second degree, gang assault in the first degree, assault in the first degree, burglary in the first degree, and criminal possession of a weapon in the fourth degree (three counts), and ordered a new trial.

Ordered that the order is reversed, on the law, the motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Queens County, for sentencing.

Pursuant to CPL 330.30, the trial court granted the defendants' motion to set aside the jury verdict on the ground that the defendants were deprived of *Brady* material (*see Brady v Maryland,* 373 US 83 [1963]). The trial court rejected the defendants' alternative ground to set aside the verdict based on prosecutional misconduct during summation. A trial court's limited power to set aside a verdict under this section arises only where an appellate court would be required, as a matter of law, to reverse or modify the judgment of conviction (*see People v Carter,* 63 NY2d 530, 536 [1984]). Here, the first ground raised as the basis for the motion is not preserved for appellate review, as no objection was made during the trial when the defendants learned of the alleged *Brady* violation. Therefore, the motion should have been denied, as appellate review on the law requires that the issue be preserved (*see People v Thomas,* 242 AD2d 281 [1997]; *People v Sadowski,* 173 AD2d 873 [1991]).

The defendants' claim that the trial court should have set aside the verdict on the alternative ground of prosecutorial misconduct during summation is without merit. Their objections were sustained and prompt curative instructions were given which removed any possible prejudice to the defendants (*see People v Ferguson,* 82 NY2d 837, 838 [1993]; *People v Greene,* 298 AD2d 464 [2002]). Accordingly, the improper conduct of the prosecutor did not warrant the granting of the motion (*see People v Garcia,* 268 AD2d 596 [2000]; *People v Morris,* 244 AD2d 361 [1997]). Altman, J.P., Smith, S. Miller and Crane, JJ., concur.