■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD DAVIDSON, Respondent. [997 NYS2d 477]—

Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Peck, J.), entered July 10, 2013, as, after a hearing, granted that branch of the defendant's motion pursuant to CPL 330.30 (1) which was to set aside his conviction of assault in the second degree.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was to set aside his conviction of assault in the second degree is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for sentencing on the conviction of assault in the second degree.

In relevant part, the defendant was charged with the crime of assault in the first degree (Penal Law § 120.10 [1]) arising from

a shooting incident that occurred on November 23, 2010. During the trial, the People moved to reduce that count of the indictment from assault in the first degree (*id.*) to the lesser included offense of assault in the second degree (Penal Law § 120.05 [2]). In response to the trial court's inquiry, defense counsel stated "I don't have an objection to that," and the court granted the motion. The jury found the defendant guilty of, among other things, assault in the second degree. The defendant then moved to set aside the verdict pursuant to CPL 330.30 on the ground that the Supreme Court erred in denying his *Batson* challenges and based on prosecutorial misconduct. Prior to a hearing on the defendant's motion, the Supreme Court gave notice to the parties that it also wished to consider whether the defendant's conviction of assault in the second degree should be vacated because the reduction of the relevant count in the indictment from assault in the first degree to assault in the second degree had the effect of improperly amending the indictment. Thereafter, the Supreme Court granted the defendant's CPL 330.30 motion to the extent of setting aside his conviction of assault in the second degree on the basis that the reduction of the assault count constituted an improper amendment of the indictment, thereby creating a nonwaivable jurisdictional infirmity.

In considering a motion to set aside or modify a verdict pursuant to CPL 330.30 (1), a trial court may only consider questions of law, not fact (*see People v Ventura*, 66 NY2d 693, 694-695 [1985]; *People v Carter*, 63 NY2d 530, 536 [1984]; *People v Thomas*, 8 AD3d 303, 303 [2004]; *People v Silas*, 308 AD2d 465, 466 [2003]; *People v Sadowski*, 173 AD2d 873, 873-874 [1991]). Moreover, a trial court may only consider claims of legal error under CPL 330.30 (1) where those claims are properly preserved for appellate review (*see People v Thomas*, 8 AD3d at 303; *People v Silas*, 308 AD2d at 466; *People v Sadowski*, 173 AD2d at 874).

Contrary to the Supreme Court's determination, the alleged amendment of the indictment was not a nonwaivable defect, and the defendant was required to make a timely objection at trial to preserve, for the Supreme Court's consideration, a claim pursuant to CPL 330.30 (1) that the indictment was impermissibly amended (*see People v Ford*, 62 NY2d 275, 279 [1984]; *People v Taylor*, 29 AD3d 713, 714 [2006]; *People v Lowry*, 255 AD2d 602, 602 [1998]; *People v Harvey*, 212 AD2d 730, 730 [1995]). As the defendant failed to object at trial, he "waived" any challenge to the reduction of the count alleging assault in the first degree (*People v Ford*, 62 NY2d at 279), and the Supreme Court was without authority to set aside the verdict on that ground (*see People v Thomas*, 8 AD3d at 303; *People v*

*Silas*, 308 AD2d at 466; *People v Sadowski*, 173 AD2d at 874).
Dillon, J.P., Chambers, Cohen and Maltese, JJ., concur.