■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RAMOS, Appellant. [6 NYS3d 651]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered October 21, 2010, convicting him of robbery in the first degree and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions of robbery in the first degree and burglary in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review, since he failed to object to any of the remarks about which he now complains (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]). In any event, the defendant was not deprived of a fair trial, as the challenged remarks were within the broad bounds of rhetorical comment permissible in closing arguments, fair comment on the evidence, or responsive to arguments and theories presented in the defense summation (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Galloway*, 54 NY2d 396, 399 [1981]).

The defendant's challenge to the Supreme Court's instructions to the jury with respect to the count of robbery in the first degree is unpreserved for appellate review since he failed to request specific instructions or to object to the court's charge as given (*see* CPL 470.05 [2]; *People v Brunson*, 1 AD3d 375 [2003]). In any event, this contention is without merit because the court employed the charge recommended in the Criminal Jury Instructions, which conveyed the proper legal standard in this case (*see* CJI2d[NY] Penal Law § 160.15 [4]; *People v Brown*, 250 AD2d 774 [1998]). Further, to extent that the defendant challenges the court's instructions to the jury after the court rejected the jury's initial verdict as inconsistent, and directed the jury to continue deliberating, he waived any such claims under the particular circumstances of this case, since he assented to the court's decision to reject the verdict and send the case back to the jury for deliberations (*see People v Ahmed*, 66 NY2d 307 [1985]; *People v Ford*, 62 NY2d 275, 283 [1984]; *cf. People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v James*, 112 AD2d 380, 381 [1985]).

The defendant's contention that he was deprived of the effective assistance of counsel is without merit (*see People v Henry*, 95 NY2d 563, 565-566 [2000]).

The defendant's contentions, raised in his pro se supplemental brief, that his rights under CPL 30.30 and his constitutional speedy trial rights were violated, are without merit. Rivera, J.P., Sgroi, Maltese and LaSalle, JJ., concur.