■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AUBREY N. ARMSTRONG, Respondent. [29 NYS3d 475]—

Appeal by the People from an order of the Supreme Court, Queens County (Knopf, J.), dated April 18, 2014, which granted the defendant's motion pursuant to CPL 330.30 (1) to set aside a jury verdict convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and directed a new trial.

Ordered that the order is reversed, on the law, the defendant's motion to set aside the jury verdict is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Queens County, for sentencing.

The defendant was charged with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree. He was tried before a jury over several days in February 2014.

On February 13, 2014, after jury deliberations ceased for the day, three of the jurors were escorted to an elevator bank by a court officer. The court officer spoke to one of the jurors, commenting on the evidence of the case and the logical inference of the defendant's guilt. The juror brought this interaction to the Supreme Court's attention the following morning, before the attorneys and the defendant.

After questioning the court officer and confirming the basic details of the interaction with the juror, the Supreme Court intimated that a mistrial was necessary, and then dismissed the court officer from the courtroom and directed that he have no further interaction with the jury. Defense counsel interceded

and asked that the jury be permitted to continue deliberating, and requested that the court voir dire the three jurors as to their ability to continue deliberations. Each of the three jurors who was present at the time of the improper interaction was separately questioned by the court with respect to his or her ability to continue deliberating and faithfully fulfill his or her duties as a juror, and each of those jurors stated that he or she could continue. Upon completion of the court's inquiry, defense counsel stated he was satisfied as to the jurors' ability to continue to deliberate faithfully and impartially, and requested that the entire jury be permitted to continue without further curative instruction or action. The court permitted deliberations to continue, and soon thereafter the jury returned a verdict finding the defendant guilty of all charges.

The defendant moved pursuant to CPL 330.30 (1) to set aside the verdict against him on the ground that the court officer's misconduct deprived him of his constitutionally protected right to a fair trial. The People opposed the motion on the ground, inter alia, that this contention had been waived by the defendant's choice to reject the Supreme Court's offer to declare a mistrial and to continue to verdict.

In an order dated April 18, 2014, the Supreme Court granted the defendant's motion. The court held that the egregious violation of the prohibition against communications between deliberating jurors and court personnel found in CPL 310.10 rendered the court officer's misconduct a mode of proceedings error which was not subject to the normal rules of waiver. The People appeal, and we reverse.

Except when authorized by the court or when performing administerial duties with respect to the jurors, court officers may not communicate with jurors or permit any other person to do so (see CPL 310.10 [1]; see also Parker v Gladden, 385 US 363 [1966]). In considering a motion to set aside a verdict pursuant to CPL 330.30 (1), however, a trial court may only consider questions of law, not fact (see People v Ventura, 66 NY2d 693, 694-695 [1985]; People v Carter, 63 NY2d 530, 536 [1984]; People v Davidson, 122 AD3d 937, 938 [2014]; People v Thomas, 8 AD3d 303 [2004]). Moreover, a trial court may only consider claims of legal error under CPL 330.30 (1) where those claims are preserved for appellate review (see People v Davidson, 122 AD3d at 938; People v Thomas, 8 AD3d at 303).

Waiver and preservation are separate concepts (see People v Iannone, 45 NY2d 589, 600 [1978]), although they are often "inextricably intertwined" (People v Michael, 48 NY2d 1, 5 n 1 [1979]). Waiver connotes the intentional relinquishment or

abandonment of a known right (*see People v Ahmed*, 66 NY2d 307 [1985]). Where a defendant assents at trial to a court's decision, agrees with the court's determination, or requests that the court take the actions the court ultimately took, the defendant cannot, after the fact, claim the action constituted error (*see People v Ford*, 62 NY2d 275, 283-284 [1984]; *People v Ramos*, 127 AD3d 996, 996-997 [2015]; *People v Davidson*, 122 AD3d at 938; *People v Artis*, 63 AD3d 1173 [2009]).

Here, the defendant waived his contention that the court officer's misconduct deprived him of his right to a fair trial. Defense counsel affirmatively opposed the Supreme Court's suggestion that a mistrial be declared by requesting that the jury continue deliberations.

Nevertheless, there is a limited class of errors that "go to the essential validity of the process and are so fundamental that the entire trial is irreparably tainted" (*People v Kelly*, 5 NY3d 116, 119-120 [2005]; *see People v Agramonte*, 87 NY2d 765, 770 [1996]; *People v Patterson*, 39 NY2d 288, 294-296 [1976]). As such, these "mode of proceedings" errors are "immune from the requirement of preservation" (*People v Kelly*, 5 NY3d at 120; *see People v Rivera*, 23 NY3d 827, 831 [2014]), and a defendant "cannot waive, or even consent to," such errors (*People v Patterson*, 39 NY2d at 295).

Here, the Supreme Court erred in concluding that the court officer's misconduct constituted a mode of proceedings error. In *People v Kelly* (5 NY3d 116 [2005]), the Court of Appeals was tasked with determining whether a court officer's unauthorized weapons demonstration in a jury room constituted a mode of proceedings error that could be raised on appeal, even if unpreserved. In that case, the defendant was charged with murder for a fatal stabbing with a 12-inch-long bayonet. The parties, at the start of deliberations, had consented to allow the trial exhibits to be given to the jurors whenever they requested them. On the third day of deliberations, a court officer brought the bayonet and sheath, which were trial exhibits, into the jury room in response to a written jury request to see them. When the jurors sought to handle the exhibits, the court officer, concerned for the safety of the jury, refused, but agreed to place the bayonet at his waistband and draw it from its sheath while the jurors watched. The officer then answered a few questions from the jurors about the demonstration. This conduct occurred without the court's knowledge or permission. Indeed, after the court officer notified the court of what had happened, the court promptly advised both sides and, after consulting with the defendant, defense counsel agreed that the

appropriate recourse would be for the court to give the jury a curative instruction to disregard the court officer's demonstration and continue deliberations. The jury ultimately convicted the defendant, and the defendant moved pursuant to CPL 440.10 to vacate the judgment, but his motion was denied. The Appellate Division, First Judicial Department, affirmed the denial of the motion, and the Court of Appeals granted leave to appeal. The Court of Appeals held that the court officer's misconduct involving a deliberating jury did not constitute a mode of proceedings error, especially where the court officer acted on his or her own volition and without the permission or knowledge of the court (*see People v Kelly*, 5 NY3d at 120). Likewise, in this case, the court officer's interaction with, or within the ambit of, the three jurors was without the permission or knowledge of the court. Furthermore, here, as in *People v Kelly*, the court took such curative action as was requested by defense counsel. Accordingly, the court officer's misconduct did not constitute a mode of proceedings error (*see id.*).

Since the error here did not rise to the level of a mode of proceedings error, the defendant's motion to set aside the verdict on that basis was subject to the normal rules of preservation and waiver. On the facts of this case, the defendant clearly waived these arguments by explicitly rejecting the Supreme Court's offer to declare a mistrial, and, instead, requesting that the jury be permitted to continue deliberating. Here, defense counsel specifically opposed the court's offer to declare a mistrial and also opposed the court's offer to conduct additional inquiries of the jurors, thereby waiving the merits of the defendant's contentions (*cf. People v Bannerman*, 59 AD2d 719 [1977]). Defense counsel's opposition to a mistrial placed the court in the position of declaring a mistrial against the wishes of the defendant, thereby placing a further prosecution in doubt. This could have led to a violation of the prohibition against double jeopardy, as a mistrial may have been declared in the absence of manifest necessity (*see Matter of Cohen v Lotto*, 19 AD3d 485, 486 [2005]).

Accordingly, the Supreme Court should have denied the defendant's motion to set aside the verdict. Leventhal, J.P., Cohen, Hinds-Radix and Duffy, JJ., concur.