■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ROBINSON, Appellant. [38 NYS3d 601]—

Appeals by the defendant from two judgments of the Supreme Court, Suffolk County (Cohen, J.), both rendered October 24, 2014, convicting him of stalking in the fourth degree, criminal contempt in the second degree (four counts), and violations of Vehicle and Traffic Law §§ 509 (1); 306 (b); 319 (1); 401 (1) (a) and 402 (1) under indictment No. 1227/14, and criminal contempt in the second degree under indictment No. 2735/13, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant was charged in two indictments which were consolidated for trial. The indictments accused the defendant of committing a number of offenses against the complainant, with whom he had a prior romantic relationship, and with vehicle and traffic offenses relating thereto. The complainant alleged that the defendant violated orders of protection over the course of several years and engaged in threatening behavior. The defendant was convicted, upon jury verdicts, of five counts of criminal contempt in the second degree, stalking in the fourth degree, and five violations of the Vehicle and Traffic Law.

Contrary to the defendant's contention, he was not entitled to the imposition of a sanction against the prosecution for its failure to preserve a video segment purporting to show certain incidents in progress, which was contained in a video surveillance system owned by a school district and was automatically overwritten by the surveillance system 30 days later. The lost video segment was never in the possession of the police or prosecution, and thus, the prosecution did not have an affirmative obligation to preserve the evidence. Moreover, there was no evidence that the failure to preserve the video was the result of bad faith, and the defendant failed to establish any prejudice from its loss. Accordingly, the Supreme Court did not improvidently deny the defendant's request for an adverse inference charge relating to the absence of the surveillance video (*see People v Charlton*, 69 AD3d 647 [2010]; *see also People v James*, 93 NY2d 620, 644 [1999]; *People v Hearns*, 33 AD3d 722 [2006]; *People v Jones*, 49 Misc 3d 133[A], 2015 NY Slip Op 51457[U] [App Term, 2d Dept, 11th & 15th Jud Dists 2015]; *cf. People v Handy*, 20 NY3d 663 [2013]).

"Where a defendant assents at trial to a court's decision, agrees with the court's determination, or requests that the court take the actions the court ultimately took, the defendant cannot, after the fact, claim the action constituted error" (*People*

*v Armstrong*, 138 AD3d 877, 879 [2016]). Here, as the defendant withdrew his request for a missing witness charge in favor of a stipulation, he waived any claim that the Supreme Court committed error in failing to provide such a charge (*see People v Armstrong*, 138 AD3d at 879; *People v Ramos*, 127 AD3d 996, 997 [2015]).

The Constitution guarantees a criminal defendant a meaningful opportunity to present a complete defense (*see People v Powell*, 27 NY3d 523, 529-530 [2016]; *People v DiPippo*, 27 NY3d 127, 135 [2016]). However, rules of evidence permit trial judges to exclude evidence where its probative value is outweighed by other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury (*see People v DiPippo*, 27 NY3d at 135-136). Moreover, while all relevant evidence is admissible unless its admission violates some exclusionary rule, evidence is relevant only if it tends to prove the existence or nonexistence of a material fact directly at issue in the case (*see People v Jin Cheng Lin*, 26 NY3d 701, 727 [2016]). Here, the Supreme Court providently exercised its discretion in excluding the testimony of a automobile mechanic whose proffered testimony was not relevant to any issue in the case (*see People v Pike*, 131 AD2d 890, 891 [1987]).

The defendant's contention that his convictions were not supported by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of the crimes for which he was convicted beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we find that the verdicts of guilt were not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Rivera, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.