People v Williams (2019 NY Slip Op 00151)





People v Williams


2019 NY Slip Op 00151


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2014-10612
 (Ind. No. 778/11)

[*1]The People of the State of New York, respondent,
v
Devon Williams, appellant.


Paul Skip Laisure, New York, NY (Angad Singh of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Rhea A. Grob, and Arieh Schulman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruth E. Shillingford, J.), rendered September 25, 2014, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the admission into evidence at trial of a photograph depicting him and other individuals, printed from a social media website, was unduly prejudicial because it suggested that he was affiliated with a street gang. However, that contention was affirmatively waived when the defendant's trial counsel stated "I have no objection" to the admission of the photograph after stipulating to an instruction that addressed counsel's concerns by advising the jury that the photograph was not being admitted to allege any gang affiliation and that none of the individuals depicted therein were known to have any gang affiliation (see People v Robinson, 143 AD3d 744, 745-746; People v Armstrong, 138 AD3d 877, 878-879; People v Gega, 74 AD3d 1229, 1231). The additional challenges to the admission of the photograph which the defendant advances on appeal are unpreserved for appellate review, since they were not raised at trial (see CPL 470.05[2]; People v Donovan, 59 NY2d 834, 836; People v Velez-Garriga, 159 AD3d 928, 929; People v Sparagano, 153 AD3d 1367, 1368). In this regard, the defendant's related contention that his trial counsel was ineffective in failing to object on these additional grounds is unavailing, as the defendant has failed to establish "the absence of strategic or other legitimate explanations" (People v Rivera, 71 NY2d 705, 709) for counsel's actions (see People v Barboni, 21 NY3d 393, 405-406).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., RIVERA, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court