People v Waheed (2019 NY Slip Op 07815)





People v Waheed


2019 NY Slip Op 07815


Decided on October 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 31, 2019

109768

[*1]The People of the State of New York, Respondent,
v
Khalil Waheed, Appellant.

Calendar Date: September 11, 2019

Before: Egan Jr., J.P., Lynch, Mulvey and Devine, JJ.


Dennis J. Lamb, Troy, for appellant.
D. Holley Carnright, District Attorney, Kingston (Tracy Steeves of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the Supreme Court (Mott, J.), rendered August 17, 2017 in Ulster County, upon a verdict convicting defendant of the crime of leaving the scene of an incident without reporting a personal injury.
Defendant was charged by indictment with criminally negligent homicide and leaving the scene of an incident without reporting a personal injury. The charges stemmed from an incident during which defendant arranged to purchase heroin from the victim and a dispute over the sale ensued, after which defendant was seen speeding away in a van and the victim was seen in the air and then landing on her head. She suffered head injuries that led to her death. Following a jury trial, defendant was acquitted of criminally negligent homicide but was found guilty of leaving the scene of an incident without reporting a personal injury. Supreme Court imposed a prison sentence of 2 to 6 years and a fine of $3,500. Defendant appeals.
Defendant acknowledges that his challenge to the legal sufficiency of the evidence is unpreserved. To the extent that defendant is separately arguing that Supreme Court erred in denying his posttrial motion to set aside the verdict, "[a] legal sufficiency challenge that has not been properly preserved at trial is not an issue that would require reversal as a matter of law and, therefore, is not a proper basis for CPL 330.30 (1) relief, which was properly denied" (People v Simmons, 111 AD3d 975, 977 [2013], lv denied 22 NY3d 1203 [2014]; see People v Sturges, 164 AD3d 616, 619 [2018], lv denied 32 NY3d 1129 [2018]; People v Morris, 140 AD3d 1472, 1472-1473 [2016], lv denied 28 NY3d 1074 [2016]; People v Davidson, 122 AD3d 937, 938 [2014], lv denied 25 NY3d 950 [2015]). Nevertheless, in reviewing defendant's argument that the verdict is against the weight of the evidence, this Court must necessarily ensure that the People established each element of the crime (see People v Napoli, 167 AD3d 1080, 1080 [2018]; People v Morris, 140 AD3d at 1473).
The verdict is not against the weight of the evidence. As relevant here, Vehicle and Traffic Law § 600 (2) (a) provides that "[a]ny person operating a motor vehicle who, knowing or having cause to know that personal injury has been caused to another person, due to an incident involving the motor vehicle operated by such person shall, before leaving the place where the said personal injury occurred, stop, exhibit his or her license and insurance identification card for such vehicle . . . to a police officer, or in the event that no police officer is in the vicinity of the place of said injury, then, he or she shall report said incident as soon as physically able to the nearest police station or judicial officer." Defendant conceded that he was operating a vehicle at the time of the incident, the victim suffered personal injuries that resulted in her death and defendant did not report the incident to the police. He disputes that he knew or had cause to know that the victim was injured, or that the People proved that her injuries were caused by an incident involving the motor vehicle.
Two witnesses testified that they saw portions of the incident from their window. One saw a man tackle the victim, then get in the van and speed away. This witness testified that she saw the victim fall and assumed that she fell off the van. The other witness saw the victim's head near the front passenger window and "moving along steady with the van as it sped off," not bobbing as if the person were running alongside the van. That witness saw the victim fall, her hands and legs in the air, with her head hitting the ground first. The medical examiner testified about the various injuries he found on the victim's body, including multiple abrasions on her forearms and the top of her right shoulder and bruises on her lower back, which he testified were consistent with her being dragged or falling from a moving vehicle. He explained that the victim also suffered a hinge fracture across the base of her skull, in addition to brain-related injuries including a cerebral edema, which were caused by blunt force trauma and led to her death. According to his testimony, it was unlikely that these injuries were caused by a punch or a fall while running, but they were consistent with somebody falling while being propelled by a vehicle and striking his or her head on pavement.
Further, defendant's friend testified that defendant told him about an incident in which a drug deal went bad with the victim, defendant ended up taking her phone, the victim went to chase her phone and the victim got caught on the vehicle. According to the friend's testimony, defendant admitted that he saw the victim hit her head on the concrete and that he left the scene. Documentary evidence established that, after the incident, someone using defendant's phone conducted Internet searches regarding, among other things, the incident, the victim, finding and removing fingerprints, and whether a person should turn himself or herself in after a hit and run accident.
Defendant testified that after the victim sold him a substance that was supposed to be heroin but was not, the two tussled and fell to the ground. When he saw two people approaching in an angry manner, defendant was afraid, so he ran to the van and sped away. He testified that he did not look at the passenger side mirror when pulling away, but he looked out the window and saw the victim walking on the sidewalk, not near the van, and he did not hear about her injuries and death until several days later. Defendant acknowledged talking to his friend about the drug deal going bad, but denied making the other statements attributed to him by his friend. Defendant admitted that he conducted the Internet searches on his phone — including "Can you be charged if you run someone over that is holding onto your vehicle?" — but contended that he did so only after learning about the victim's injuries and death by reading news stories concerning the incident.
The jury could have reasonably concluded from the medical evidence and witness testimony that the victim was holding onto or caught on the vehicle before she fell to the ground, such that her injuries were caused by an incident involving the motor vehicle. The friend's testimony established that defendant knew that the victim had been injured before defendant left the scene without reporting it. Although a different verdict would not have been unreasonable if the jury credited defendant's testimony, viewing the evidence in a neutral light and deferring to the jury's resolution of credibility issues, the conviction is not against the weight of the evidence (see People v Lentini, 163 AD3d 1052, 1053-1054 [2018]; People v Williams, 150 AD3d 902, 902-903, 905 [2017], lv denied 29 NY3d 1038 [2017]; People v Lewis, 162 AD2d 760, 764 [1990], lv denied 76 NY2d 894 [1990]).
Supreme Court did not err in denying defendant's requested jury charge. Defendant acknowledged that the People presented both direct and circumstantial evidence, so he did not seek a charge that the case rested entirely on circumstantial evidence. Rather, he contended before Supreme Court that, because the case involved a mix of direct and circumstantial evidence, he was entitled to a charge that if two inferences can be drawn from the same evidence — one consistent with guilt and one consistent with innocence — the jury must find the inference that is consistent with innocence. Although defendant now argues that he was entitled to such a charge because "the People introduce[d] evidence of the defendant's conduct from which they contend the jury may draw an inference that such conduct evidences a consciousness of guilt" (People v Delacruz, 289 AD2d 254, 255 [2001], lv denied 97 NY2d 728 [2002]), that argument is unpreserved because he did not raise it in the trial court. Based on the arguments that defendant raised in Supreme Court, and because some direct evidence was presented, the court did not err in denying defendant's requested charge.
We decline to disturb the sentence imposed, as Supreme Court did not abuse its discretion and no extraordinary circumstances exist to warrant a modification (see People v Appleby, 79 AD3d 1533, 1534 [2010]; People v Lewis, 162 AD2d at 764-765). A fine is statutorily required, and the amount imposed here is in the exact middle of the permissible range (see Vehicle and Traffic Law § 600 [2] [c] [ii]). The court appropriately based the prison term of 2 to 6 years, which was less than the statutory maximum (see Penal Law § 70.00 [2] [d]; [3] [b]), on defendant's prior criminal history, his long-standing anger management issues, his lack of remorse and sincerity, the traumatic impact to the family caused by the victim's death, and that defendant was on probation for vehicle-related offenses at the time of this incident (see People v Appleby, 79 AD3d at 1534).
Egan Jr., J.P., Lynch and Devine, JJ., concur.
ORDERED that the judgment is affirmed.