People v Brown (2020 NY Slip Op 02090)





People v Brown


2020 NY Slip Op 02090


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

[*1]The People of the State of New York, respondent,
v
Anthony Brown, defendant./Party> 




DECISION & ORDER
Application by the defendant pursuant to CPL 245.70(6) to vacate or modify a ruling of an Acting Justice of the Supreme Court, Nassau County, as set forth in a protective order of that court dated March 3, 2020.
Upon the papers filed in support of the application and the papers filed in opposition thereto, it is
ORDERED that the application is denied; and it is further,
ORDERED that the documents submitted under seal by the People in connection with this application pursuant to CPL 245.70(6) are deemed to be filed under seal, and shall continue to be sealed. CPL 245.70(1) provides that, upon a showing of good cause by either party, the court may order that disclosure and inspection be denied, restricted, conditioned, or deferred, or make such other order as appropriate. In determining whether good cause for a protective order exists, the court may consider "constitutional rights or limitations; danger to the integrity of physical evidence or the safety of a witness; risk of intimidation, economic reprisal, bribery, harassment or unjustified annoyance or embarrassment to any person, and the nature, severity and likelihood of that risk; a risk of an adverse effect upon the legitimate needs of law enforcement, including the protection of the confidentiality of informants, and the nature, severity and likelihood of that risk; the nature and circumstances of the factual allegations in the case; whether the defendant has a history of witness intimidation or tampering and the nature of that history; the nature of the stated reasons in support of a protective order; the nature of the witness identifying information that is sought to be addressed by a protective order, including the option of employing adequate alternative contact information; danger to any person stemming from factors such as a defendant's substantiated affiliation with a criminal enterprise . . . ; and other similar factors found to outweigh the usefulness of the discovery" (CPL 245.70[4]).
Contrary to the defendant's contention, the standard for this Court's review of the protective order, dated March 3, 2020 (hereinafter the protective order), where, as here, the issue involves balancing the defendant's interest in obtaining information for defense purposes against concerns for witness safety and protection,is "whether the determination made by the trial court was a provident exercise of discretion" (People v Beaton, 179 AD3d 871, 874 [Scheinkman, PJ]).
Here, the defendant was charged, among other things, with assault in the first degree and, according to the papers submitted by the parties, remains incarcerated, unable to make the bail [*2]that was set. On or about February 25, 2020, the People filed an ex parte application for a protective order pursuant to CPL 245.70, which included, among other things, approximately 20 pages of the stenographic record of the regular session of the New York State Senate of March 31, 2019, and a 24-page ex parte affirmation of an assistant district attorney and exhibits filed under seal. On March 2 and 3, 2020, the Supreme Court conducted a hearing pursuant to CPL 245.70(1) to determine whether the People had good cause to withhold certain information otherwise disclosable to the defendant under CPL 245.20(1). Portions of the hearing were conducted with the People only and were sealed by the court. During the other portions of the hearing the defendant was present with counsel and the defense was afforded an opportunity to be heard. Contrary to the recitation in the protective order that a hearing on the matter occurred on February 28, 2020 (in addition to March 2 and 3, 2020), the transcript of February 28, 2020, reveals that no hearing on this matter occurred during that proceeding. In addition, the transcript of the March 2, 2020 proceeding (hereinafter the March 2 proceeding) reveals that off-the-record discussions regarding the People's application occurred between the People and the defendant's counsel which discussions are not included in the record. Nonetheless, on March 3, 2020, the court issued a protective order which, inter alia, allows the People to redact any information which would reveal the identity of the witnesses until the jury is sworn and that the redacted documents be available only to the defendant's counsel, provides that the defendant's counsel can view an unredacted surveillance video at the District Attorney's Office and directs the District Attorney to provide photographic stills from the surveillance video of the defendant which do not contain any images that would reveal the identity of the witnesses. The defendant now contends, inter alia, that his counsel should be given a copy of the surveillance video as well as unredacted copies of all the documents at issue.
The record of the March 2, 2020, proceeding demonstrates that the court originally misapprehended the application of the People to be for a protective order limiting disclosure of otherwise discoverable material pursuant to CPL 245.20(1) to only the defendant's counsel, not the defendant. When the People informed the court that their application actually sought to delay, until the jury was sworn, any disclosure of such otherwise discoverable material, the court then expressed concern about the breadth of that application but immediately indicated its intent to preclude the defendant's counsel from access to the witnesses' contact information or names without any apparent consideration of the factors set forth in CPL 245.70(1). To the extent that the court relied on the People's contention that the defendant's counsel might inadvertently disclose identifying information about the witnesses to the defendant, such a basis, without more, did not constitute good cause pursuant to CPL 245.70(1) for not providing to the defendant's counsel, with instructions not to reveal to the defendant, unredacted information in the documents sought, including witness statements.
Notwithstanding the foregoing, the defendant has waived his objections to the terms of the protective order (see People v Ramos, 127 AD3d 996, 996-997). At the March 2 proceeding, the People represented that the parties had agreed that the defendant's counsel would be able to view at the District Attorney's office an unredacted version of the surveillance videotape at issue. The defendant's counsel did not object. At the same proceeding, the defendant's counsel also proffered what he characterized as a "reasonable compromise" of the outstanding issues, which included (1) the People's production to him of still photos from the surveillance video depicting the defendant only and not any of the witnesses, which photos could be shared with the defendant; and (2) the People's immediate production only to him, not the defendant, of redacted witness statements  with the names and any other identifying information redacted. This proffer, which the court granted by including such terms in the protective order, constitutes a waiver by the defendant of any objection to such terms (see generally People v Armstrong, 138 AD3d 877, 879). Moreover, the contention by the defendant's counsel that he wants a physical copy of the surveillance video so that he can review it in his own office and prepare a defense and discuss trial strategy is raised for the first time on this application and therefore is not properly before this Court (see CPL 470.05[2]).
Accordingly, for the foregoing reasons, the application is denied. COLLEEN D. DUFFY Associate Justice