People v Baker (2020 NY Slip Op 06978)





People v Baker


2020 NY Slip Op 06978


Decided on November 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 25, 2020

109581

[*1]The People of the State of New York, Respondent,
v
Lawrence K. Baker Jr., Appellant.

Calendar Date: October 20, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ.


Tracy A. Donovan Laughlin, Oneonta, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (John R. Thweatt of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Chemung County (Rich Jr., J.), rendered March 3, 2017, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree (two counts).
In February 2016, defendant and Najee Holmes became involved in an altercation at a party held in a garage in the City of Elmira, Chemung County. During this altercation, Holmes allegedly stabbed defendant, and defendant shot Holmes with a .22 caliber firearm. Holmes sustained two gunshot wounds, one of which passed through his lung and resulted in his death. Defendant was charged by indictment with murder in the second degree and two counts of criminal possession of a weapon in the second degree (see Penal Law § 265.03 [1] [b]; [3]). Following a jury trial at which defendant argued that he acted in self-defense, he was acquitted of the murder charge and convicted of the remaining two charges. County Court sentenced defendant as a second felony offender to concurrent prison terms of 10 years, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant first argues that the indictment is defective under CPL 200.50 (8), as it was not signed by the foreperson or the acting foreperson of the grand jury. Defendant moved before trial to dismiss the indictment on other grounds, but did not raise the ground now asserted. Thus, "this issue is unpreserved and is reviewable as of right only if the missing signature renders the indictment jurisdictionally defective" (People v Burch, 97 AD3d 987, 988 [2012] [internal quotation marks and citations omitted], lv denied 19 NY3d 1101 [2012]; see People v Pigford, 148 AD3d 1299, 1302 [2017], lv denied 29 NY3d 1085 [2017]). Here, the indictment was signed by the District Attorney, and its backer included the signature of the grand jury foreperson and the typed name of the District Attorney. This procedure "satisfies the statutory requirements" (People v Quintana, 159 AD3d 1122, 1123 [2018], lv denied 31 NY3d 1086 [2018]; see CPL 200.50 [8], [9]; see also People v Striplin, 48 AD3d 878, 879 [2008], lv denied 10 NY3d 871 [2008]). Thus, there is no jurisdictional defect.[FN1]
Defendant next argues that County Court should have instructed the jury on the justification defense as to count 2 of the indictment, which charged defendant with criminal possession of a weapon in the second degree pursuant to Penal Law § 265.03 (1) (b); he asserts that the defense should be available to apply to that crime's intent element (but see People v Pons, 68 NY2d 264, 267 [1986]). However, defendant did not object on this ground at trial. On the contrary, during the charge conference, he asked the court to give a pattern instruction that specifically addresses justification in this context (see CJI2d[NY] Penal Law art 265, Intent to Use Unlawfully and Justification). The court agreed to do so, and defendant made no further related objections. This issue is thus unpreserved (see People v Stokes, 159 AD3d 1041, 1042-1043 [2018]; People v Soriano, 121 AD3d 1419, 1423 [2014]; People v Silas, 308 AD2d 465, 466 [2003], lv denied 100 NY2d 645 [2003]). Defendant likewise failed to preserve his appellate claim that County Court should have instructed the jury on the defense of temporary and lawful possession, as nothing in the record indicates that he sought inclusion of this charge or objected to its omission (see People v Silas, 308 AD2d at 466).
Lynch, Clark, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: In light of this finding, defendant's related contentions regarding the People's certifying affidavit, raised for the first time on appeal, are also unpreserved.