People v Bristowfeelings (2023 NY Slip Op 01526)

People v Bristowfeelings

2023 NY Slip Op 01526

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2019-04583
 (Ind. No. 2383/17)

[*1]The People of the State of New York, respondent,
v
Earl Bristowfeelings, appellant.

Patricia Pazner, New York, NY (Martin B. Sawyer of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ronald Eniclerico, and Jonathan E. Maseng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John F. Zoll, J.), rendered April 17, 2019, convicting him of criminal trespass in the third degree (three counts), petit larceny (three counts), and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of, inter alia, three counts of criminal trespass in the third degree, based on three incidents in which he entered a department store he had been prohibited from entering due to his past alleged acts of shoplifting from that store.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of three counts of criminal trespass in the third degree beyond a reasonable doubt. Moreover, we are satisfied that the verdict of guilt as to those counts was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348; People v Romero, 7 NY3d 633, 644-645). Contrary to the defendant's contention, the testimony of the People's witnesses established that the department store was "fenced or otherwise enclosed in a manner designed to exclude intruders" (Penal Law § 140.10[a]; see People v Barnes, 26 NY3d 986, 989).
The Supreme Court properly denied the defendant's request for an adverse inference charge as to a missing surveillance video recording of department store personnel informing the defendant that he was no longer permitted to enter the premises. The record does not establish that the prosecution was ever in possession of such video evidence (see People v Suchite, 191 AD3d 906; People v Robinson, 143 AD3d 744).
The defendant's challenge to the Supreme Court's instructions to the jury concerning the elements of criminal trespass in the third degree is unpreserved for appellate review and, in any event, without merit.
The defendant's remaining contention is without merit.
DILLON, J.P., ZAYAS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court